Timothy R. Mulliner
Nevada Bar No. 10692
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, NV 89106
Tel.    702.471.7000
Fax    702.471.7070
MullinerT@ballardspahr.com

Paul Lantieri III*
Terence M. Grugan*
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Tel.    215.665.8500
Fax    215.864.8999
LantieriP@ballardspahr.com
GruganT@ballardspahr.com

*  *Will comply with LR IA 10-2 by December 28, 2013*

*Counsel for Defendant
American Board of Internal Medicine*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| REVEREND DOCTOR KEITH ALAN LASKO, | Case No. 2:13-cv-01893-JAD-(NJK) |
| Plaintiff, | **AMERICAN BOARD OF INTERNAL MEDICINE'S MOTION TO DISMISS AMENDED COMPLAINT** |
| v. | |
| AMERICAN BOARD OF SURGERY, INC.; AMERICAN BOARD OF MEDICAL SPECIALTIES, INC.; AMERICAN BOARD OF INTERNAL MEDICINE, INC.; JOSEPH B. COFER; DAVID M. MAHVI; JO BUYSKE; MARK A. MALANGONI; GABRIEL L. BEVILACQUA; MITCHELL S. GOLDBERG; and SAUL EWING, LLP, | **(ORAL ARGUMENT REQUESTED)** |
| Defendants. | |

Pursuant to Rules 8(a), 8(d), 12(b)(6), and 41(d) of the Federal Rules of Civil Procedure, defendant American Board of Internal Medicine ("ABIM"), by and through its counsel of record, Ballard Spahr LLP, hereby moves to dismiss the Amended Complaint of plaintiff Reverend Doctor Keith Alan Lasko.

1

This Motion is made and based on the following Memorandum of Points and Authorities, the pleadings and papers on file herein – including ABIM's motion to dismiss the initial complaint (Doc. 15), which ABIM incorporates herein – and any oral argument the Court may consider on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On November 12, 2013 – the same day ABIM filed its motion to dismiss Rev. Lasko's initial complaint (Doc. No. 15) – Rev. Lasko filed an "Amended Verified Complaint" (Doc. No. 19) that suffers from the same fatal defects as the initial complaint. Accordingly, ABIM incorporates herein and relies upon its motion to dismiss the initial complaint, which is attached hereto as Exhibit A. In summary, although it is shorter than the initial complaint, the Amended Complaint fails to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and does not plausibly state any claim against ABIM.

Like the initial complaint, the Amended Complaint fails to provide a "short and plain statement of the claims showing the pleader is entitled to relief" as required by Rule 8(a)(2). Nor does the Amended Complaint include "simple, concise, and direct" allegations as required by Rule 8(d)(1). And though Rev. Lasko has truncated his complaint, it is substantively unchanged. Rev. Lasko still intersperses among his "charges" broad criticisms of the medical profession generally and asides about his supposed religious motivations for creating and conducting business through illegitimate medical organizations. And he asserts unrecognized and otherwise unactionable legal conclusions that cannot entitle him to relief. For instance, while "Charge One" ostensibly asserts "Violation of the Sherman Antitrust Act, Violation of the Clayton Act, Interference with Interstate Commerce," Rev. Lasko, across 15 pages, raises monopolization (Am. Compl. at 9), unlawful tying arrangements (id.), libel (id. at 11), defamation (id.), the Hobbs Act (id. at 12), tax fraud (id. at 12), and First Amendment issues (id. at 15). Thus, the Amended Complaint does not correct the deficiencies of the original complaint, and fails to provide the Court and the defendants with anything approaching "simple, concise, and direct" allegations or "a short and plain statement of the claims showing the pleader is entitled to relief."

Accordingly, the Amended Complaint should be dismissed pursuant to Rule 41(b).  *See* McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).  (*See also* Doc. No. 15 at 5-7.)

Also like the initial complaint, the Amended Complaint fails to allege sufficient factual matter "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007).  It is replete with conclusory allegations, formulaic recitations of legal standards, and naked assertions of implausible facts.  (*See* Am. Compl. at 9 (nonsensically asserting that that ABIM "had tying-in arrangements" with various subspecialties of internal medicine); id. at 12 (nakedly asserting that ABIM "defamed and libeled" Rev. Lasko); id. at 17 (arguing without substantiation that ABIM "interfered with Reverend Lasko's First Amendment Rights and destroyed his organization and religious mission").  Under the Supreme Court's decisions in Twombly and Ascroft v. Iqbal, 556 U.S. 662, 678 (2009), such allegations must be disregarded.

Moreover, to the extent the Amended Complaint could possibly be read to assert any charges against ABIM specifically, none of them plausibly states a claim against ABIM.  In Charge One, Rev. Lasko mentions a number of theories of antitrust liability (*see* Am. Compl. at 9, 12, & 13 (referring to monopolization, tying, and conspiracy)), but fails to include any allegations substantiating the required elements of these claims.  (*See* Doc. No. 15 at 10 & 10 n.5.)  Moreover, in Charge Four, asserting "Defamation, Libel, False Light" (Am. Compl. at 22), Rev. Lasko fails not only to allege that ABIM made a false statement about Rev. Lasko, but also to specify which defendant made which statement, impermissibly grouping ABIM together with defendants ABS and ABMS.  *See* Hardy v. Global Options Servs., Inc., No. 2:13-cv-00514, 2013 WL 6059154, at 2-3 (D. Nev. Nov. 14, 2013) (holding that a complaint fails to plead a claim for defamation when "[i]t does not specify which defendants made [the allegedly defamatory] statement").  (*See also* Doc. No. 15 at 10-11 & 11 n.6.)  Accordingly, Rev. Lasko again fails to state a claim against ABIM.

/ / /

/ / /

/ / /

3

For all the reasons set forth above and in ABIM's motion to dismiss the initial complaint, the Court should dismiss the Amended Complaint with prejudice and allow ABIM such other and further relief as the Court finds just and proper.

Respectfully submitted,

BALLARD SPAHR LLP


By: /s/ Timothy R. Mulliner
    Timothy R. Mulliner
    Nevada Bar No. 10692
    100 North City Parkway, Suite 1750
    Las Vegas, NV 89106

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 22nd day of November, 2013, and pursuant to Fed. R. Civ. P. 5(b), a true and correct copy of the foregoing *American Board of Internal Medicine's Motion to Dismiss Amended Complaint* was served on the following via this Court's CM/ECF filing system:

Roger W. Wenthe, Esq.
U.S. Attorney's Office Civil Division
333 Las Vegas Boulevard, South #5000
Las Vegas, NV 89101
*Attorneys for Defendant Mitchell S. Goldberg*

Scott R. Cook
Ryan S. Peterson
KOLESAR & LEATHAM
400 South Rampart Blvd., Suite 400
Las Vegas, NV 89145
*Attorneys for Defendant American Board of Medical Specialties*

Robert Schumacher, Esq.
Megan H. Hummel, Esq.
GORDON & REES, LLP
3770 Howard Hughes Pkwy, Suite 100
Las Vegas, NV 89169
*Attorneys for Defendants American Board of Surgery, Inc.; Joseph B. Cofer, M.D.; David M. Mahvi, M.D.; Jo Buyske, M.D.; Mark A. Malangoni, M.D.; Gabriel L. Bevilacqua, Esq.; and Frank R. Lewis, Jr.*

Von S. Heinz, Esq.
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169
*Attorneys for Defendants Gabriel L. Bevilacqua, Esq. and Saul Ewing, LLP*

And to the following via U.S. Mail, postage prepaid thereon, AND hand delivery:

Keith A. Lasko
8604 Vivid Violet Avenue
Las Vegas, NV 89143
*Plaintiff* pro se

/s/ Elizabeth Blaschko
An employee of Ballard Spahr LLP

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617