1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEITH ALAN LASKO,                          )
                                           )
                    Plaintiffs,            )        2:13-cv-01893-JAD-NJK
                                           )
vs.                                        )
                                           )
AMERICAN BOARD OF SURGERY, et al.,         )        **ORDER**
                                           )
                    Defendants.            )
_____)

Before the Court is Defendant American Board of Medical Specialties Motion to Quash Service.  Docket No. 12.

**I.      BACKGROUND**

On October 21, 2013, Plaintiff mailed the Summons and Complaint to Defendant American Board of Medical Specialties ("ABMS") via United States Postal Priority Mail, with a certified return receipt requested.  Docket No. 12, at 2.  The envelope was received by an International Program Coordinator, ABMS employee Caitlin Proctor. *Id*.  Ms. Proctor is neither a registered agent of ABMS nor an employee authorized to accept service on behalf of ABMS. *Id*.  Additionally, the materials sent by Plaintiff did not include a waiver of service or a request for the same. *Id*.

ABMS filed the present motion on November 11, 2013, arguing that service was improper and should be quashed. *Id*.  On November 18, 2013, the Court issued a minute order requiring Plaintiff to file a Response by November 25, 2013. Docket No. 27.  To date, Plaintiff has failed to file a Response.[1]

. . . .

_____

[1]Since no response was filed, the Court could properly grant the instant motion as unopposed. *See* Local Rule 7-2(d).  Nonetheless, the Court considers the motion on its merits.

1    **II.**      **DISCUSSION**

2         **A.      Quash Service**

3         A Rule 12(b)(5) motion is the proper vehicle for challenging the "insufficiency of service

4    of process."  See Fed. R. Civ. Pro. 12(b)(5).  "A federal court does not have jurisdiction over a

5    defendant unless the defendant has been served properly under Fed.R.Civ.P. 4."  *Direct Mail*

6    *Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988).  Objections to the

7    validity of service of process must be specific and must point out in what manner the plaintiff has

8    failed to satisfy the requirements for proper service.  *See O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d

9    1394, 1400 (7th Cir.1993).  However, once service of process is properly challenged, "the party on

10   whose behalf [service] is made must bear the burden of establishing its validity."  *Aetna Business*

11   *Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981); *see*

12   *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004).  While the court should indeed give the

13   service requirements of Rule 4 a liberal and flexible construction, a district court also has broad

14   discretion to either dismiss an action entirely for failure to effect service or to quash the defective

15   service and permit re-service.  *See Jones v. Automobile Club of Southern California*, 26 Fed.Appx.

16   740, 742 (9th Cir.2002); *see also e.g., SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293

17   (9th Cir.2006) *citing Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976) ("the

18   choice between dismissal and quashing service of process is in the district court's discretion").

19        In this case, ABMS is a corporate entity and therefore, proper service should be in

20   accordance with Fed.R.Civ.P. 4(h).  Pursuant to Fed.R.Civ.P. 4(h), a corporation may be served

21   either "by delivering a copy of the summons and of the complaint to an officer, a managing or

22   general agent, or any other agent authorized by appointment or by law to receive service of process,"

23   or in the manner prescribed by the state law in which the district court is located.  Under Nevada

24   law, if the suit is against an entity formed under Nevada law or registered to do business in the state,

25   service may be accomplished by serving "the registered agent thereof or if the entity ... is (i) a

26   corporation, to any officer thereof...."  NRCP 4(d)(1).  Nevada law provides a separate means

27   whereby service can be accomplished delivering a copy of the summons and complaint to the

28   Nevada Secretary of State and providing the appropriate affidavit as set forth in NRCP 4(d)(1) if

1    service cannot be effectuated on the registered agent or an officer of the corporate entity.[2]

2          Here, Plaintiff mailed a copy of the Complaint to ABMS and took no further action.  Plaintiff

3    did not personally serve the corporate agent nor any other specified corporate representative.

4    Docket No. 12.  While "Rule 4 is a flexible rule that should be liberally construed so long as a party

5    receives sufficient notice of the complaint," *United Food & Commercial Workers Union v. Alpha*

6    *Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984), "neither actual notice nor simply naming the

7    defendant in the complaint will provide personal jurisdiction" absent substantial compliance with

8    its requirements. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986).  Consequently, the Court finds

9    that Plaintiff has not met his burden to demonstrate service was proper.

10         The Court will exercise its discretion to quash service under Rule 12(b)(5) rather than

11   dismiss the case.[3]  *See e.g. Patel-Julson v. Paul Smith Las Vegas, Inc.*, 2013 WL 1752897 (D. Nev.

12   Apr. 23, 2013), *citing  Issaquah School District No.* 411, 470 F.3d at 1293 (citation omitted).

13   Plaintiff will be given the opportunity to cure the error in service or request waiver of service

14   pursuant to Fed.R.Civ.P. 4(d).

15   **B.**    **Additional Time to Respond**

16         In light of the improper service, Defendant ABMS has requested "an additional 21 days after

17   the service issue has been resolved, to file a responsive pleading if the Court deems such a filing

18   necessary."  Docket No. 12, at 5.  As the Court has determined that service was improper and

19   quashed it, a responsive pleading is not currently due and an extension is not necessary.  This

20   request is therefore denied as moot.

21   . . . .

22   . . . .

23   . . . .

24   . . . .

25

26       [2] Information concerning the registered agent of corporations doing business in Nevada is
27   available on the Nevada Secretary of State's website.

28       [3]The Court notes that Defendant's motion asked the Court to quash service, not to dismiss
     the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that  Defendant American Board of Medical Specialties

Motion to Quash Service, Docket No. 12, is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that service of the summons and complaint on Defendant

American Board of Medical Specialties is quashed pursuant to Rule 12(b)(5).

**IT IS FURTHER ORDERED** that Defendant American Board of Medical Specialties'

request for an extension of time is denied as moot.

DATED this __27th__  day of November, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge

- 4 -