UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| KEITH ALAN LASKO, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:13-cv-01893-JAD-NJK |
| vs. | ) | |
| AMERICAN BOARD OF SURGERY, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant American Board of Medical Specialties Motion to Quash Service. Docket No. 12.

**I.  BACKGROUND**

On October 21, 2013, Plaintiff mailed the Summons and Complaint to Defendant American Board of Medical Specialties ("ABMS") via United States Postal Priority Mail, with a certified return receipt requested. Docket No. 12, at 2. The envelope was received by an International Program Coordinator, ABMS employee Caitlin Proctor. *Id*. Ms. Proctor is neither a registered agent of ABMS nor an employee authorized to accept service on behalf of ABMS. *Id*. Additionally, the materials sent by Plaintiff did not include a waiver of service or a request for the same. *Id*.

ABMS filed the present motion on November 11, 2013, arguing that service was improper and should be quashed. *Id*. On November 18, 2013, the Court issued a minute order requiring Plaintiff to file a Response by November 25, 2013. Docket No. 27. To date, Plaintiff has failed to file a Response.[1]

. . . .

---

[1] Since no response was filed, the Court could properly grant the instant motion as unopposed. *See* Local Rule 7-2(d). Nonetheless, the Court considers the motion on its merits.

## II. DISCUSSION

### A. Quash Service

A Rule 12(b)(5) motion is the proper vehicle for challenging the "insufficiency of service of process." See Fed. R. Civ. Pro. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988). Objections to the validity of service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements for proper service. *See O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1400 (7th Cir.1993). However, once service of process is properly challenged, "the party on whose behalf [service] is made must bear the burden of establishing its validity." *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981); *see Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004). While the court should indeed give the service requirements of Rule 4 a liberal and flexible construction, a district court also has broad discretion to either dismiss an action entirely for failure to effect service or to quash the defective service and permit re-service. *See Jones v. Automobile Club of Southern California*, 26 Fed.Appx. 740, 742 (9th Cir.2002); *see also e.g., SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir.2006) *citing Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976) ("the choice between dismissal and quashing service of process is in the district court's discretion").

In this case, ABMS is a corporate entity and therefore, proper service should be in accordance with Fed.R.Civ.P. 4(h). Pursuant to Fed.R.Civ.P. 4(h), a corporation may be served either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or in the manner prescribed by the state law in which the district court is located. Under Nevada law, if the suit is against an entity formed under Nevada law or registered to do business in the state, service may be accomplished by serving "the registered agent thereof or if the entity ... is (i) a corporation, to any officer thereof...." NRCP 4(d)(1). Nevada law provides a separate means whereby service can be accomplished delivering a copy of the summons and complaint to the Nevada Secretary of State and providing the appropriate affidavit as set forth in NRCP 4(d)(1) if

- 2 -

1  service cannot be effectuated on the registered agent or an officer of the corporate entity.[2]

2  Here, Plaintiff mailed a copy of the Complaint to ABMS and took no further action. Plaintiff
3  did not personally serve the corporate agent nor any other specified corporate representative.
4  Docket No. 12. While "Rule 4 is a flexible rule that should be liberally construed so long as a party
5  receives sufficient notice of the complaint," *United Food & Commercial Workers Union v. Alpha*
6  *Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984), "neither actual notice nor simply naming the
7  defendant in the complaint will provide personal jurisdiction" absent substantial compliance with
8  its requirements. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986). Consequently, the Court finds
9  that Plaintiff has not met his burden to demonstrate service was proper.

10  The Court will exercise its discretion to quash service under Rule 12(b)(5) rather than
11  dismiss the case.[3] *See e.g. Patel-Julson v. Paul Smith Las Vegas, Inc.*, 2013 WL 1752897 (D. Nev.
12  Apr. 23, 2013), *citing Issaquah School District No.* 411, 470 F.3d at 1293 (citation omitted).
13  Plaintiff will be given the opportunity to cure the error in service or request waiver of service
14  pursuant to Fed.R.Civ.P. 4(d).

15  **B.  Additional Time to Respond**

16  In light of the improper service, Defendant ABMS has requested "an additional 21 days after
17  the service issue has been resolved, to file a responsive pleading if the Court deems such a filing
18  necessary." Docket No. 12, at 5. As the Court has determined that service was improper and
19  quashed it, a responsive pleading is not currently due and an extension is not necessary. This
20  request is therefore denied as moot.

21  . . . .
22  . . . .
23  . . . .
24  . . . .

---

[2] Information concerning the registered agent of corporations doing business in Nevada is available on the Nevada Secretary of State's website.

[3] The Court notes that Defendant's motion asked the Court to quash service, not to dismiss the case.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant American Board of Medical Specialties Motion to Quash Service, Docket No. 12, is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that service of the summons and complaint on Defendant American Board of Medical Specialties is quashed pursuant to Rule 12(b)(5).

**IT IS FURTHER ORDERED** that Defendant American Board of Medical Specialties' request for an extension of time is denied as moot.

DATED this __27th__ day of November, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge