UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| KEITH ALAN LASKO, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:13-cv-01893-JAD-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN BOARD OF SURGERY, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion to Dismiss or to Change Venue to Their Bailiwick, Docket No. 59.

**I.     BACKGROUND**

On November 27, 2013, Defendants filed a Motion to Dismiss the Amended Complaint, or Alternatively, to Transfer Venue ("Motion to Dismiss"). Docket No. 43. Thereafter, on December 13, 2013, Plaintiff filed his opposition to the Motion to Dismiss. Docket No. 48. On December 17, 2013, Defendants filed their reply in support of their Motion to Dismiss. Docket No. 49. Then, on December 27, 2013, Plaintiff filed a second response to the Motion to Dismiss. Docket No. 55. In the instant motion, Defendants request that the Court strike Plaintiff's second response to the Motion to Dismiss on the grounds that it is untimely and improper under the Federal Rules.

.**II.     DISCUSSION**

Plaintiff filed his second response to the Motion to Dismiss 30 days after Defendants filed the Motion to Dismiss. Pursuant to Local Rule 7-2(b), points and authorities in response to a motion must be filed 14 days after service of the original motion. LR 7-2.  Further, the docket entry for Defendants' Motion to Dismiss clearly states: " Responses due by 12/14/2013." Docket

1  No. 43. Thus, Plaintiff's response filed on December 27, 2013, was approximately 2 weeks late
2  and untimely under the Local Rules.
3      Additionally, if Plaintiff intended for his second response to be a surreply, it is also
4  improper. Local Rule 7–2(a)–(c) allows a motion, a response and a reply. No provision is made
5  for the filing of a surreply. "A surreply may only be filed by leave of court, *and only to address*
6  *new matters raised in a reply to which a party would otherwise be unable to respond.*"
7  *Spartalian v. Citibank, N.A.*, 2013 WL 593350, at *2 (D. Nev. Feb. 13, 2013) (citing *Kanvick v.*
8  *City of Reno,* 2008 WL 873085, at *n.1 (D.Nev. March 27, 2008)(emphasis in original)). Here,
9  Plaintiff did not request leave to file a surreply nor are there new matters raised in the reply to
10 which Plaintiff would otherwise be unable to response. Accordingly, even if Plaintiff intended
11 his second response to be a surreply, it is improper.
12 **CONCLUSION**
13     Based on the foregoing, and good cause appearing therefore,
14     **IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Response to
15 Defendants' Motion to Dismiss or to Change Venue to Their Bailiwick, Docket No. 59, is
16 GRANTED.
17     **IT IS FURTHER ORDERED** that Plaintiff's second response to the Motion to Dismiss,
18 Docket No. 55, is STRICKEN.
19     DATED: January 27, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge