UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| KEITH ALAN LASKO, | ) | |
| | ) | |
| Plaintiff(s), | ) | 2:13-cv-01893-JAD-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN BOARD OF SURGERY, et al., | ) | **ORDER** |
| | ) | |
| Defendant(s). | ) | |

Before the Court is Defendants' Motion to Strike Plaintiff's Motion Against Change of Venue and Against Stopping Discovery (Docket No. 64), Plaintiff's Motion to Deny Defendants' Anti Slapp Claim (Docket No. 65), and Plaintiff's Motion to Deny Defendants' Claim of Plaintiff's Failure to State a Claim (Docket No. 66). Docket No. 79. The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2. For the reasons discussed below, Defendants' motion is GRANTED.

**I.     BACKGROUND**

On November 27, 2013, Defendants filed a Motion to Dismiss the Amended Complaint, or Alternatively, to Transfer Venue ("Motion to Dismiss"). Docket No. 43. Defendants also filed a Motion to Dismiss Plaintiff's Complaint as a SLAPP pursuant to NRS 41.660(1)(A) ("SLAPP Motion"). Docket No. 44. Thereafter, on December 13, 2013, Plaintiff filed his opposition to the Motion to Dismiss. Docket No. 47. Defendants filed their reply in support of their Motion to Dismiss on December 17, 2013. Docket No. 49. Plaintiff filed his opposition to the SLAPP Motion on December 13, 2014. Docket No. 48. Defendants filed their reply on December 17, 2013. Docket No. 50.

1    Thereafter, on December 27, 2013, Plaintiff filed a second response to the Motion to
2 Dismiss. Docket No. 55. Defendants filed a Motion to Strike that second response on the grounds
3 that it is untimely and improper under the Federal Rules. Docket No. 59. The Court granted that
4 motion on January 27, 2014. Docket No. 60.
5    On February 11, 2014, Plaintiff filed two additional supplemental responses to the
6 Motion to Dismiss which he entitled Plaintiff's Motion Against Change of Venue and Against
7 Stopping Discovery (Docket No. 64) and Plaintiff's Motion to Deny Defendants' Claim of
8 Plaintiff's Failure to State a Claim (Docket No. 66). Plaintiff also filed a second supplemental
9 response to Defendants' SLAPP Motion, which he entitled Plaintiff's Motion to Deny
10 Defendants' Anti Slapp Claim (Docket No. 65).
11    In the instant motion, Defendants seek to strike Plaintiff's supplemental responses on the
12 grounds that they are untimely and improper under the Federal Rules. Docket No. 71
13 .**II.    DISCUSSION**
14    Plaintiff filed his supplemental responses to the Motion to Dismiss and to the SLAPP
15 Motion approximately two and a half months after those motions were filed. Further,
16 approximately two weeks before Plaintiff filed his supplements, the Court specifically explained
17 to Plaintiff that the deadline to respond to Defendants' motions had passed. The Courts' Order
18 stated:
19    Pursuant to Local Rule 7-2(b), points and authorities in response to a motion must be
     filed 14 days after service of the original motion. LR 7-2. Further, the docket entry for
20   Defendants' Motion to Dismiss clearly states: " Responses due by 12/14/2013." Docket
     No. 43. Thus, Plaintiff's response filed on December 27, 2013, was approximately 2
21   weeks late and untimely under the Local Rules.
22 Docket No. 60.
23    Thus, there is was no ambiguity as to whether Plaintiff could continue to file responses to
24 Defendants' motions, which were filed over two months ago. The deadline to file responses to
25 Defendants' Motion to Dismiss and SLAPP Motion has passed and, therefore, Plaintiff is not
26 permitted to continue to file responses at his leisure.
27    Additionally, as the Court also explained in its last Order, because Defendants did not
28 raise any new issues in their reply to the Motion to Dismiss, Plaintiff is not permitted to file a

surreply.

> [I]f Plaintiff intended for his second response to be a surreply, it is also improper. Local Rule 7–2(a)–(c) allows a motion, a response and a reply. No provision is made for the filing of a surreply. "A surreply may only be filed by leave of court, *and only to address new matters raised in a reply to which a party would otherwise be unable to respond.*" *Spartalian v. Citibank, N.A.*, 2013 WL 593350, at *2 (D. Nev. Feb. 13, 2013) (citing *Kanvick v. City of Reno,* 2008 WL 873085, at *n.1 (D.Nev. March 27, 2008)(emphasis in original)). Here, Plaintiff did not request leave to file a surreply nor are there new matters raised in the reply to which Plaintiff would otherwise be unable to respond. Accordingly, even if Plaintiff intended his second response to be a surreply, it is improper.

Docket No. 60.

The same reasoning applies to the SLAPP Motion. Plaintiff did not request leave to file a surreply, nor are there new matters raised in the reply to which Plaintiff would otherwise be unable to respond. Thus, Plaintiff is not permitted to file a surreply to the SLAPP Motion.

Accordingly, Plaintiff's Motion Against Change of Venue and Against Stopping Discovery (Docket No. 64), Plaintiff's Motion to Deny Defendants' Anti Slapp Claim (Docket No. 65), and Plaintiff's Motion to Deny Defendants' Claim of Plaintiff's Failure to State a Claim (Docket No. 66) are all hereby STRIKEN.

Further, the Court warns Plaintiff that failure to comply with this Court's Orders may result in sanctions pursuant to Federal Rule of Civil Procedure 16(f) and Local Rule IA 4-1.[1]

. . .

. . .

. . .

. . .

---

[1] Federal Rule 16(f) requires parties to comply with pretrial orders and provides that the Court may order any "just" sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance. *Wilson v. KRD Trucking W.*, 2013 WL 836995 (D. Nev. Mar. 6, 2013)."[T]he rule is broadly remedial and its purpose is to encourage forceful judicial management." *Id*.; *quoting Sherman v. United States,* 801 F.2d 1133, 1135 (9th Cir.1986). The rule also makes clear that "concerns about burdens on the court are to receive no less attention than concerns about burdens on opposing parties." *Id*.; *quoting Matter of Baker,* 744 F.2d 1438, 1441 (10th Cir.1984)(*en banc*). Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.,* 275 F.3d 762, 769 (9th Cir.2001). Similarly, this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions on an attorney ... who, without just cause ... [f]ails to comply with any order of this Court." Local Rule IA 4–1.

### III. CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike, Docket No. 71, is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Against Change of Venue and Against Stopping Discovery (Docket No. 64), Plaintiff's Motion to Deny Defendants' Anti Slapp Claim (Docket No. 65), and Plaintiff's Motion to Deny Defendants' Claim of Plaintiff's Failure to State a Claim (Docket No. 66) are STRICKEN.

DATED: February 21, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge