UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Keith Alan Lasko,

    Plaintiff

    v.

American Board of Surgery et al.,

    Defendants

Case No: 2:13-cv-01893-JAD-NJK

**Order Granting Defendants' Motions to Strike (Docs. 80, 82, 85, 87, 89, 92) and Denying Motion to Correct (Doc. 103) as Moot**

Pro se Plaintiff Alan Lasko sues eleven governmental, organizational, and individual defendants for antitrust violations, civil-rights violations, and obstruction of justice.[1] Magistrate Judge Nancy J. Koppe has issued two orders striking Plaintiff's improper surreplies and responses to a fully-briefed motion to dismiss. Docs. 60, 72. Lasko persists in filing motions in connection with this motion to dismiss, seeks permission to file a second amended complaint, and brings additional motions containing new allegations that do not appear in his amended complaint. The following motions are now pending:

1.     Defendants Saul Ewing, LLP and Gabriel L.I. Bevilacqua's Motion to Strike Plaintiff's Motion for Permission to File Second Amended Complaint. Doc. 80.

2.     Defendant American Board of Internal Medicine's Motion to Strike Plaintiff's Motion for Damages. Doc. 82.

3.     Defendants Saul Ewing, LLP and Gabriel L.I. Bevilacqua's Motion to Strike Plaintiff's Motion for Damages. Doc. 85

---

[1] *See generally* Doc. 19. The Court liberally construes Lasko's claims. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) (acknowledging that courts must construe pro se motions and pleadings liberally).

4.  Defendants Saul Ewing, LLP and Gabriel L.I. Bevilacqua's Motion to Strike Plaintiff's Second Motion for Damages.  Doc. 87.

5.  Defendants Saul Ewing, LLP and Gabriel L.I. Bevilacqua's Motion to Strike Plaintiff's Motion to Limit of Deny Applicability of Noerr Pennington Doctrine. Doc. 88.

6.  Defendants Saul Ewing, LLP and Gabriel L.I. Bevilacqua's Motion to Strike Plaintiff's Motion for Per Se Judgment.  Doc. 89.

7.  Defendants Saul Ewing, LLP and Gabriel L.I. Bevilacqua's Motion to Strike Plaintiff's Sur-Reply to Motion to Dismiss.  Doc. 92.

8.  Plaintiff Keith Alan Lasko's Motion to Correct Typographical Error.  Doc. 103.

The Court finds these motions appropriately resolved without oral argument.  Local Rule 78-2. After reviewing the record and applicable law, the Court grants Defendants' motions; Plaintiff's motion, which is predicated on a motion stricken in this order, is denied as moot.

**I.    Plaintiff's Motions for Permission to File Second Amended Complaint (Doc. 69, 77)**

On February 18, 2014, Plaintiff filed a Motion for Permission to File a Second Amended Complaint.  Doc. 69.  Nine days later, he filed a second Motion for Permission to File a Second Amended Complaint, Doc. 77, superceding his first.  Accordingly, Doc. 69 is hereby stricken as moot.

Plaintiff's second Motion for Permission to File a Second Amended Complaint, Doc. 77, does not include a proposed second amended complaint.[2]  Local Rule 15-1 provides:

> Unless otherwise permitted by the Court, **the moving party shall attach the proposed amended pleading to any motion to amend,** so that it will be complete in itself without reference to the superseding pleading. An amended pleading shall include copies of all exhibits referred to in such pleading.

LR 15-1 (emphasis added).  This failure alone requires the Court to deny Plaintiff's motion to amend.  *See United States v. 3 Parcels in La Plata Cnty., Colo.*, 919 F. Supp. 1449, 1457 (D. Nev. 1995) (discussing LR 15-1).  Accordingly, Plaintiff's second Motion for Permission to File a Second Amended Complaint, Doc. 77, is denied for failure to include a proposed second amended complaint.

---

[2] This is a deficiency of Plaintiff's Motion for Permission to File a Second Amended Complaint, too.  *See* Doc. 69.

- 2 -

1  **II.**     **Motion to Strike Plaintiff's Motion for Damages (Docs. 82, 85), Motion to Strike Plaintiff's Motion for Damages (Doc. 85), and Motion to Strike Plaintiff's Second Motion for Damages (Doc. 87)**

On February 11, 2014, Plaintiff filed a Motion for Damages. Doc. 61, at 8. On February 24, 2014, he duplicated his request in his Second Motion for Damages. Doc. 74, at 3. Both motions contain new and never-before-pled allegations that Defendants have engaged in racist conduct and they reiterate allegations of discrimination under federal law that are already briefed in Defendant Saul Ewing's Motion to Dismiss. *See* Doc. 45.

The new allegations are not properly before the Court because they are not a part of any currently pending pleading. The remaining allegations and requests for relief have already been fully briefed in the filings related to Defendant Saul Ewing's Motion to Dismiss. As the Court explained in its previous orders, Plaintiff is prohibited from filing untimely responses or surreplies to the Motion to Dismiss, but that is exactly what the additional documents appear to be, regardless of their titles. *See* Docs. 60, 72 (citing LR 7-2(b)). Accordingly, Plaintiff's Motion for Damages (Doc. 61) and Second Motion for Damages (Doc. 74) are hereby stricken.

**III.**    **Motion to Strike Plaintiff's Motion to Limit or Deny Applicability of Noerr Pennington Doctrine (Doc. 88.)**

On February 11, 2014, Plaintiff filed a Motion to Limit or Deny Applicability of Noerr Pennington Doctrine. Doc. 62. This issue has already been fully briefed in conjunction with Ewing's Motion to Dismiss. Doc. 45. Therefore, Plaintiff's motion is merely another additional response and/or surreply to the Motion to Dismiss. As discussed above, Plaintiff is not permitted to continue rehashing the motion-to-dismiss issues, *see* Docs. 60, 72, and this motion (Doc. 62) is therefore stricken.

**IV.**    **Motion to Strike Plaintiff's Motion for Per Se Judgment (Doc. 89)**

On February 13, 2014, Plaintiff filed a Motion for Per Se Judgment. Doc. 67. Like the Noerr-Pennington Doctrine, this issue was addressed in the briefing for the Motion to Dismiss. Doc. 45. Therefore, Plaintiff's Motion for Per Se Judgment is also merely an additional response or surreply to the Motion to Dismiss and it is stricken for the very same reasons.

1  **V.    Motion to Strike Plaintiff's Surreply to Motion to Dismiss (Doc. 92)**

2  On February 14, 2014, Plaintiff filed a surreply to Ewing's Motion to Dismiss. Doc. 68.
3  No leave was granted and, the Court has explained it its two prior orders, "there [are no] new
4  matters raised in the reply to which Plaintiff would otherwise be unable to respond." Doc. 60 at
5  2; Doc. 72 at 3 (quoting *Spartalian v. Citibank, N.A.*, 2013 WL 593350, at *2 (D. Nev. Feb. 13,
6  2013)) (explaining that "[a] surreply may only be filed by leave of court, *and only to address*
7  *new matters raised in a reply to which a party would otherwise be unable to respond*."
8  (emphasis in original)). Therefore, Plaintiff's surreply (Doc. 68) is procedurally improper and is
9  hereby stricken.

10 **VI.   Motion to Correct Typographical Error (Doc. 103)**

11 Plaintiff's most recent motion (Doc. 103) seeks leave to correct a typographical error in
12 the title of Doc. 102, his Response to Motion to Not Permit Second Amended Response, and
13 allow him to add a final word in this title so that it reads "Response to Motion to Not Permit
14 Second Amended Complaint." Doc. 103 at 1–2. Because the Court has already stricken this
15 document, the request to amend its title is now moot. Accordingly, the Court denies Plaintiff's
16 Motion to Correct Typographical Error (Doc. 103.) as moot.

17 **VII.  Sanctions**

18 This is now the third order explaining to Plaintiff that he may not continue to file
19 documents rehashing the matters that are already fully briefed in conjunction with the Motion to
20 Dismiss. *See* Docs. 60, 72. It is also the second order warning him of possible sanctions for
21 continued misconduct. Doc. 72 at 3. Lasko is again cautioned that should he persist in further
22 filings that violation this Court's orders, he will be sanctioned pursuant to Federal Rule of Civil
23 Procedure 16(f) and the broad docket-management powers of this Court.

24 **III.   CONCLUSION**

25 Based on the foregoing, and good cause appearing,
26 **IT IS HEREBY ORDERED** that:
27 1.     Defendants Saul Ewing, LLP and Gabriel L.I. Bevilacqua's Motion to Strike
28        Plaintiff's Motion for Permission to File Second Amended Complaint **(Doc. 80) is**

- 4 -

1        **GRANTED**.

2           a.   Plaintiff's Motion for Permission to File Second Amended Complaint **(Doc. 69) is STRICKEN**.

          b.   Plaintiff's Second Motion for Permission to File a Second Amended Complaint **(Doc. 77) is DENIED**.

2. Defendant American Board of Internal Medicine's Motion to Strike Plaintiff's Motion for Damages **(Doc. 82) is GRANTED**.

3. Defendants Saul Ewing, LLP and Gabriel L.I. Bevilacqua's Motion to Strike Plaintiff's Motion for Damages **(Doc. 85) is GRANTED**.

          a.   Plaintiff's Motion for Damages **(Doc. 61) is STRICKEN**.

4. Defendants Saul Ewing, LLP and Gabriel L.I. Bevilacqua's Motion to Strike Plaintiff's Second Motion for Damages **(Doc. 87) is GRANTED**.

          b.   Plaintiff's Second Motion for Damages **(Doc. 74) is STRICKEN**.

5. Defendants Saul Ewing, LLP and Gabriel L.I. Bevilacqua's Motion to Strike Plaintiff's Motion to Limit of Deny Applicability of Noerr Pennington Doctrine **(Doc. 88) is GRANTED**.

          a.   Plaintiff's Motion to Limit or Deny Applicability of Noerr Pennington Doctrine **(Doc. 62) is STRICKEN**.

6. Defendants Saul Ewing, LLP and Gabriel L.I. Bevilacqua's Motion to Strike Plaintiff's Motion for Per Se Judgment **(Doc. 89) is GRANTED**.

          a.   Plaintiff's Motion for Per Se Judgment **(Doc. 67) is STRICKEN**.

7. Defendants Saul Ewing, LLP and Gabriel L.I. Bevilacqua's Motion to Strike Plaintiff's Sur-Reply to Motion to Dismiss **(Doc. 92) is GRANTED**.

. . .

. . .

. . .

    a.  Plaintiff's Sur-Reply to Motion to Dismiss **(Doc. 68) is**

       **STRICKEN**.

8. Plaintiff Keith Alan Lasko's Motion to Correct Typographical Error **(Doc. 103) is**

  **DENIED as moot**.

DATED March 19, 2014.

_____
JENNIFER A. DORSEY
United States District Judge

- 6 -