1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11

12

13

14

15

| | |
|---|---|
| REVEREND DOCTOR KEITH ALAN LASKO, | |
| Plaintiff, | Case No. 2:13-cv-01893-JAD-NJK |
| vs. | ORDER DENYING MOTIONS TO RECUSE |
| AMERICAN BOARD OF SURGERY, INC., et al., | |
| Defendants. | Docket Nos. 118, 126 |

16    Pending before the Court are Plaintiff's motions for recusal of the undersigned Magistrate Judge.

17    Docket Nos. 118, 126. The Court has reviewed the materials and argument submitted by Plaintiff, as

18    well as the Response to Docket No. 118 by Defendant Goldberg and the Joinder to Defendant

19    Goldberg's Response by Defendants American Board of Surgery, Inc., Gabriel L. Bevilacqua, Jo

20    Buyske, Joseph B. Cofer, Frank R. Lewis, Jr., David M. Mahvi, and Mark A. Malangoni. Docket Nos.

21    120, 123. The Court finds the matter properly resolved without a hearing. *See* Local Rule 78-2. For

22    the reasons discussed below, the motions are hereby **DENIED**.

23    **I.    BACKGROUND**

24    On October 16, 2013, Plaintiff initiated the instant case by filing a complaint against all

25    Defendants, along with an Application for Leave to Proceed *In Forma Pauperis*. Docket No. 1. On

26    October 17, 2013, Plaintiff paid the $400 filing fee. Docket No. 2. That same day, the undersigned

27    denied Plaintiff's request to waive the filing fee, in light of his payment, and directed the Clerk to file

28    Plaintiff's Complaint. Docket No. 4.

1    Defendants appeared in the instant case by filing various motions to dismiss.[1]  Docket Nos. 6,

2  8. 9, 10, 15.   On November 12, 2013, Plaintiff filed an Amended Complaint.   Docket No. 19.

3  Defendants again filed motions to dismiss.   Docket Nos. 21, 36, 43, 44, 45.   On November 18, 2013,

4  Plaintiff filed a motion to release Defendant Goldberg from the instant case.   Docket No. 29.

5    On November 27, 2013, Defendants American Board of Surgery, Incorporated, Cofer, Mahvi,

6  Lewis, Buyske, Malangoni and Bevilacqua filed a Motion to Dismiss the Amended Complaint, or

7  Alternatively, to Transfer Venue ("Motion to Dismiss"). Docket No. 43. On December 10, 2013,

8  Plaintiff filed his response in opposition to the Motion to Dismiss.   Docket No. 47.   On December 17,

9  2013, Defendants filed their reply.   Docket No. 49.   Thereafter, on December 27, 2013, in violation of

10  Local Rule 7-2(b), Plaintiff filed a second response to the motion.   Docket No. 55.   On January 24, 2014,

11  Defendants American Board of Surgery, Incorporated, Cofer, Mahvi, Lewis, Buyske, Malangoni and

12  Bevilacqua filed a motion asking the Court to strike Plaintiff's second response on the grounds that it

13  was untimely and improper.   Docket No. 59.   On January 27, 2014, the undersigned found that Plaintiff's

14  second response violated the Local Rules; therefore, the undersigned granted Defendants' motion and

15  struck Plaintiff's second response to Defendants' Motion to Dismiss.   Docket No. 60.

16    Additionally, on November 27, 2013, Defendants American Board of Surgery, Incorporated,

17  Cofer, Mahvi, Lewis, Buyske, Malangoni and Bevilacqua filed a Special Motion to Dismiss Plaintiff's

18  Complaint as a SLAPP pursuant to NRS 41.660(1)(A) ("SLAPP Motion").   Docket No. 44.   Plaintiff

19  filed his opposition to the SLAPP Motion on December 13, 2014.   Docket No. 48.   Defendants filed

20  their reply on December 17, 2013.   Docket No. 50.   On February 11, 2014, Plaintiff filed two additional

21  supplemental responses to the Motion to Dismiss at Docket No. 43, which he entitled Plaintiff's Motion

22  Against Change of Venue and Against Stopping Discovery, and Plaintiff's Motion to Deny Defendants'

23  Claim of Plaintiff's Failure to State a Claim.   Docket Nos. 64, 66.   Plaintiff also filed a second

24  ────────────

[1]

25

26  Additionally, Defendant American Board of Medical Specialties, Incorporated (ABMS) filed a
motion to quash service of process.   Docket No. 12.   On November 27, 2013, the undersigned granted

27  this motion in part and denied it in part, as Plaintiff did not comply with the applicable rules in serving
ABMS.   *Id*.   The undersigned allowed Plaintiff time to cure the error in service or request waiver of

28  service.   *Id*., at 3.

1    supplemental response to Defendants' SLAPP Motion, which he entitled Plaintiff's Motion to Deny

2    Defendants' Anti Slapp Claim.  Docket No. 65.

3         On February 20, 2014, Defendants American Board of Surgery, Incorporated, Cofer, Mahvi,

4    Lewis, Buyske, Malangoni and Bevilacqua filed a motion to strike Plaintiff's supplemental responses

5    on the grounds that they are untimely and improper under Local Rule 7-2.  Docket No. 71.  On February

6    21, 2014, the undersigned found that Plaintiff's supplemental responses violated the Local Rules;

7    therefore, the undersigned granted Defendants' motion and struck Plaintiff's supplemental responses

8    to Defendants' Motion to Dismiss and SLAPP Motion.  Docket No. 72.  The undersigned also warned

9    Plaintiff that "failure to comply with this Court's Orders may result in sanctions pursuant to Federal Rule

10   of Civil Procedure 16(f) and Local Rule IA 4-1." *Id*., at 3.  On February 28, 2014, Plaintiff objected to

11   the undersigned's Order at Docket No. 72.  Docket No. 79.

12        On March 3, 2014, Plaintiff filed an Emergency Motion to the District Judge for removal of the

13   undersigned from the instant case.  Docket No. 97.  In this motion, Plaintiff stated that the undersigned

14   "has concealed from plaintiff in plaintiff['s] suit against Mitchell S. Goldberg el al that she worked

15   alongside of Goldberg for many years in the District Attorney['s] [O]ffice in Philadelphia, Pennsylvania,

16   as both worked together in that office as assistant district attorneys." *Id*., at 2.  Plaintiff further stated

17   that the undersigned "used her position as magistrate [judge] to strike down every response and every

18   motion and any acts of discovery made by plaintiff against Goldberg, et al..." and that the undersigned

19   concealed her "close relationship with Goldberg over many years in Philadelphia." *Id*.  Plaintiff went

20   on to complain about judicial decisions made by the undersigned in the instant case. *Id*., at 2, 4-5.  In

21   support of his claims, Plaintiff attached what appears to be information from Defendant Goldberg's

22   Wikipedia page. *Id*., at 10.  The page states that Defendant Goldberg served "as an assistant district

23   attorney in Philadelphia District Attorney's Office from 1986 to 1989," that he thereafter "entered

24   private practice in Pennsylvania until 1996," and that he then "became an Assistant U.S. [A]ttorney in

25   the Eastern District of Pennsylvania in 1997, serving in that position until 2003." *Id*.

26   . . . .

27   . . . .

28   . . . .

1        Plaintiff also attached to his motion two articles announcing the undersigned's selection as a

2   Magistrate Judge in this Court.  *Id*., at 12, 18.  Both articles state that the undersigned had been

3   employed with the United States Attorney's Office in Las Vegas, Nevada since 2000, and had been an

4   assistant district attorney in Philadelphia prior to joining the United States Attorney's Office.  *Id*.

5   Plaintiff also attached the undersigned's biography from the Court website.  *Id*., at 14.  The biography

6   states that the undersigned graduated from law school in 1992 and, after graduation, spent eight years

7   as an Assistant District Attorney with the Philadelphia District Attorney's Office.  *Id*.  Further, the

8   biography states that, prior to appointment to the bench, the undersigned served as an Assistant United

9   States Attorney in Las Vegas since 2000.  *Id*.  Additionally, Plaintiff attached a second biography of the

10  undersigned's to his motion.  *Id*., at 16.  That biography contains the same information as the one posted

11  on the Court's website.  *Id*.

12       On March 17, 2014, Defendants American Board of Surgery, Incorporated, Cofer, Mahvi, Lewis,

13  Buyske, Malangoni and Bevilacqua filed a response to Plaintiff's motion.  Docket No. 105.  Defendants

14  submit that Plaintiff's own exhibits demonstrate a lack of overlap between the time Defendant Goldberg

15  was employed with the Philadelphia District Attorney's Office, and the undersigned's employment with

16  that office.  *Id*., at 3.

17       On April 29, 2014, Plaintiff filed a Motion for Discovery, requesting permission to submit

18  interrogatories to all Defendants in the instant case, and to request the production of documents from

19  certain Defendants.  Docket No. 108.  On April 30, 2014, the undersigned denied Plaintiff's motion, as

20  no record existed that the parties had conferred as required by Fed.R.Civ.P. 26(f).  Docket No. 109.  The

21  undersigned ordered the parties to "submit either a joint proposed discovery plan and scheduling order

22  in compliance with the Local and Federal Rules, or a request to stay discovery, citing the proper

23  standards."  *Id*., at 2.

24       On May 6, 2014, Plaintiff submitted a filing stating that he had attempted to schedule a discovery

25  conference, but had been unsuccessful, and again requesting permission to submit interrogatories to all

26  Defendants in the instant case and to request the production of documents from certain Defendants.

27  Docket No. 111.  On May 12, 2014, Defendant Goldberg filed a Motion to Stay Discovery.  Docket No.

28  112.  On May 12, 2014, Defendants American Board of Surgery, Incorporated, Cofer, Mahvi, Lewis,

1  Buyske, Malangoni and Bevilacqua filed a Motion to Stay Discovery, and Defendant American Board

2  of Internal Medicine, Incorporated filed a Joinder.  Docket Nos. 113, 114.  Plaintiff failed to respond

3  to any of the motions or the joinder.  *See* Docket.  On June 9, 2014, United States District Judge Jennifer

4  A. Dorsey granted the motions to stay discovery and joinder pending the resolution of the motions to

5  dismiss.  Docket Nos. 117, 118.

6         On June 11, 2014, Plaintiff filed a Motion for Recusal of Magistrate Judge.  Docket No. 118.

7  In it, Plaintiff claims that the undersigned has denied him discovery and that, if the undersigned again

8  refuses to allow him discovery, he requests the recusal of the undersigned.  *Id*., at 3.  Plaintiff bases this

9  request on his claim that the undersigned "was a law partner in Philadelphia with one of the defendants,

10  Mitchell Goldberg."  *Id*.  Plaintiff further complains about decisions made by the undersigned in the

11  instant case.  *Id*., at 3-4.  On June 12, 2014, Defendant Goldberg responded to Plaintiff's motion.

12  Docket No. 120.  Defendant Goldberg submits that Plaintiff's sole argument supporting recusal is that

13  the undersigned has made several rulings in the instant case that are unfavorable to Plaintiff, and that

14  Plaintiff's argument is therefore insufficient to demonstrate bias, prejudice, or lack of impartiality.  *Id*.,

15  at 2.  On June 17, 2014, Defendants American Board of Surgery, Incorporated, Cofer, Mahvi, Lewis,

16  Buyske, Malangoni and Bevilacqua filed a joinder to Defendant Goldberg's response.  Docket No. 123.

17         On June 23, 2014, Plaintiff filed a Motion for Recusal of Magistrate Judge.  Docket No. 126.

18  In this motion, Plaintiff alleges that the undersigned has "concealed the fact that she was a partner with

19  one of the defendants, Mitchell Goldberg, as they worked together as lawyers in Philadelphia at the U.S.

20  Attorney['] s Office in Philadelphia, Pennsylvania."  *Id*., at 2.  Plaintiff then complains about the

21  undersigned's rulings in the instant case.  *Id*., at 2-5.

22        The two Motions to Recuse Magistrate Judge, Docket Nos. 118 and 126, are currently before the

23  Court.

24  **II.      STANDARDS**

25       "[I]n the absence of a legitimate reason to recuse [her]self, a judge should participate in cases

26  assigned."  *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).  It is equally clear that judges

27  are "as bound to recuse ourselves when the law and facts require as we are to hear cases when there is

28  no reasonable factual basis for recusal."  *Id*.  Plaintiff cites no authority to support his request that the

1    undersigned recuse herself or be disqualified.  There are two federal statutes addressing the standards

2    for recusal: 28 U.S.C. § 144 and 28 U.S.C. § 455.  The substantive standard for recusal under both

3    Sections is the same: "whether a reasonable person with knowledge of all the facts would conclude that

4    the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450,

5    1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)).  In this

6    context, a "reasonable person" is not "hypersensitive or unduly suspicious," but rather is a "well-

7    informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record

8    and the law." *Holland*, 519 F.3d at 914 (citations omitted).

9         Ordinarily, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States*,

10   510 U.S. 540, 554-56 (1994).  "[O]pinions formed by the judge on the basis of facts introduced or events

11   occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for

12   a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make

13   fair judgment impossible." *Id.* at 555.  Judicial rulings will only support a motion for recusal "in the

14   rarest of circumstances." *Id.*; *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir. 1994).

15        **III.    ANALYSIS**

16        "Although the substantive test for bias or prejudice is identical in sections 144 and 455, the

17   procedural requirements of the two sections are different." *United States v. Sibla*, 624 F.2d 864, 867

18   (9th Cir. 1980).  As such, the Court first decides whether recusal is required under Section 455 and, if

19   not, then decides whether referral of the motion to another judge is required under Section 144.  *See id.*

20   at 868.

21        **A.    Section 455**

22        The Court first analyzes the recusal motions under Section 455.  Recusal motions made pursuant

23   to that Section are self-enforcing by the judge for whom recusal is sought, so referral of the motion is

24   not required to consider the merits of the motion.  *See, e.g.*, *Sibla*, 624 F.2d at 868-69.  Section 455 (a)

25   and (b) provide separate, but overlapping, bases for recusal.  Subsection (a) is broad, requiring recusal

26   "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. §

27   455(a).  In contrast, subsection (b) is narrower, requiring recusal only under specific, identifiable

28   circumstances. 28 U.S.C. § 455(b)(1-5).  These circumstances include when a judge: (1) has a personal

1    bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the

2    proceeding; (2) has served as a lawyer in the matter in controversy when in private practice; (3) has

3    served in government employment and in such capacity participated in the case; (4) knows that she or

4    a family member has a financial interest in the case; or (5) when she or a a family member is a party to

5    the suit.

6          None of the circumstances above is present in this case.  Plaintiff's own attachments to one of

7    his motions contradict his claim that the undersigned and Defendant Goldberg worked together, much

8    less in the close manner he alleges.  *See* Docket No. 97, at 10, 12, 14, 16, 18 (Defendant Goldberg

9    worked for Philadelphia District Attorney's Office from 1986 to 1989; undersigned worked for

10   Philadelphia District Attorney's Office from 1992 to 2000).[2]  Plaintiff's motions demonstrate that, in

11   reality, he seeks recusal simply because he is unhappy with the undersigned's rulings in the instant case.[3]

12   Those rulings, however, do not "display a deep-seated favoritism or antagonism that would make fair

13   judgment impossible." *Liteky*, 510 U.S. at 555.[4]  Accordingly, the Court turns to the perception of bias.

14

15       [2]

16       Additionally, Plaintiff states at one point that the undersigned and Defendant Goldberg worked
17   together as lawyers in Philadelphia at the U.S. Attorney['] s Office in Philadelphia, Pennsylvania."
     Docket No. 126, at 2.  Plaintiff's attachments to Docket No. 97, however, demonstrate that Defendant
18   Goldberg worked as an attorney at the U.S. Attorney's Office in Philadelphia, while the undersigned
19   worked as an attorney at the U.S. Attorney's Office in Las Vegas. *See* Docket No. 97, at 10, 12, 14, 16,
     18.

20       [3]

21       Plaintiff also makes incoherent, unsupported claims about the assigned United States District
22   Judge in the instant case.  Docket No. 126, at 5-6.  These claims essentially boil down to Plaintiff's
     displeasure with the rulings in this case.  As stated above, judicial rulings support a motion for recusal
23   only in the rarest of circumstances, *Liteky*, 510 U.S. at 555, and Plaintiff has shown no such
24   circumstances.

         [4]
25

26       In addition to the objective standards outlined above, the undersigned also undertook a subjective
     analysis pursuant to Section 455(b) "to determine whether [she] can be truly impartial when trying the
27   case." *Holland*, 519 F.3d at 913.  This is a "highly personal" test in which a judge must consider her
     ability to "set aside emotion and thoughtfully examine [her] ability to impartially 'administer justice
28   without respect to persons.'" *Id.* (quoting 28 U.S.C. § 453).  The undersigned has undertaken this

1    A reasonable person with knowledge of all the facts would not conclude that the undersigned's

2    impartiality might reasonably be questioned.   The primary thrust of Plaintiff's argument that the

3    undersigned has issued rulings that are unfavorable to him.[5]  Plaintiff fails to explain, however, how the

4    undersigned's rulings  evidence a deep-seated favoritism or antagonism that would make fair judgment

5    impossible. *See Liteky*, 410 U.S. at 555.  "A judge's ordinary efforts at courtroom administration–even

6    a stern and short-tempered judge's ordinary efforts at courtroom administration–remain immune." *Id.*

7    at 556.  The Court's issuance of orders requiring Plaintiff to comply with the rules of the Court and with

8    applicable caselaw would not cause a reasonable person to question her impartiality.

9    The undersigned has no personal bias against Plaintiff and no personal favoritism toward any

10   Defendant in the instant case.  Nor do the arguments raised by Plaintiff, taken together, give rise to a

11   reasonable person with knowledge of all the facts having reasonable questions about the undersigned's

12   impartiality.

13   . . . .

14   . . . .

15   . . . .

16   . . . .

17   . . . .

18

19   analysis and finds that she is capable of examining this matter impartially.

20   [5]

21   The fact that the true reason for Plaintiff's request for recusal is his displeasure with the Court's Orders becomes abundantly clear when reading his motions.  As an example, in Docket No. 118,

22   Plaintiff requests discovery, and then states that, "[i]f the court again refuses to allow plaintiff any discovery at all ... request is made for recusal..." Docket No. 118, at 3.

23

24   Plaintiff makes additional claims that the undersigned had a close working relationship as a government attorney in the 1980s or 1990s with one of the defendants in the instant case, and that the

25   undersigned is therefore biased toward that defendant, to the detriment of Plaintiff.  Plaintiff makes these allegations despite the attachments to a prior motion that discredit his claim, Docket No. 97, at 10, 12,

26   14, 16, 18), and despite the fact that Plaintiff has already moved for the dismissal of Defendant Goldberg from the instant case (Docket No. 29).  Further, many of the rulings about which Plaintiff complains

27   relate to motions filed by defendants other than Defendant Goldberg and do not relate to Defendant

28   Goldberg in any way.  Docket Nos. 60, 72.

1    **B.      Section 144**

2    Pursuant to 28 U.S.C. § 144:

3    Whenever a party to any proceeding in a district court makes and files a timely and
     sufficient affidavit that the judge before whom the matter is pending has a personal bias
4    or prejudice either against him or in favor of any adverse party, such judge shall proceed
     no further therein, but another judge shall be assigned to hear such proceeding.
5

6    As a threshold matter, the Court notes that it is not entirely clear that Section 144 applies to

7    magistrate judges. While the text of Section 455 explicitly refers to magistrate judges, the text of

8    Section 144 does not. *Compare* 28 U.S.C. § 455(a) (providing basis for recusal of, *inter alia*, any

9    "magistrate judge") *with* 28 U.S.C. § 144 (allowing parties "in a district court" to request recusal of "the

10   judge before whom the matter is pending"). One of the purposes of enacting Section 455(b)(1) was to

11   duplicate the recusal grounds provided in Section 144 to make them "applicable to *all* justices, judges,

12   and magistrates (and not just district judges)." *Liteky*, 510 U.S. at 548 (emphasis in original). It remains

13   an unsettled question whether Section 144 applies solely to district judges and not to magistrate judges.

14   *See, e.g.*, *Cohea v. Pliler*, 2007 WL 2028578, *1 (E.D. Cal. July 10, 2007) (discussing Ninth Circuit

15   authority). Although the law is unclear as to the applicability of Section 144 to magistrate judges, the

16   Court assumes for purposes of the pending motion that it does apply.

17   Unlike Section 455, Section 144 requires the referral of a motion for recusal to another judge

18   once a determination is made of the legal sufficiency of the factual assertions raised. *See* 28 U.S.C. §

19   144. It is for the undersigned to evaluate the legal sufficiency of the recusal motion in the first instance.

20   *See, e.g.*, *Studley*, 783 F.2d at 940; *Hussein v. Univ. & Community College Sys. of Nevada*, 2010 WL

21   3385298, *1 (D. Nev. Aug. 24, 2010). This inquiry turns on the facial sufficiency of the affidavit. *See,*

22   *e.g.*, *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). The affidavit must "state facts and

23   reasons which tend to show personal bias and prejudice regarding justiciable matter pending and must

24   give support to the charge of a bent of mind that may prevent or impede impartiality or judgment."

25   *Hussein,* 2010 WL 3385298 at *1 (internal citation omitted). The facts alleged must be "sufficient to

26   convince a reasonable man" of the judge's actual bias or prejudice. *Id*. (internal citation omitted).

27   Where the party seeking recusal fails to include facts that on their face warrant recusal, referral of the

28   motion is unnecessary. *See, e.g., United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999) (recusal

1    request based on judge's prior service as an Assistant United States Attorney and actions taken by judge

2    during proceeding were legally insufficient, making referral unnecessary).

3         Plaintiff has not submitted the required affidavit of prejudice and, therefore, any request for

4    recusal under section 144 is improper. *See United States v. Perry*, 1990 WL 43730, *2 (D.Nev. Feb. 10,

5    1990) (the affidavit filed pursuant to section 144 must allege specific facts that fairly support the

6    contention that the judge exhibits bias or prejudice that stems from an extrajudicial source). In this case,

7    Plaintiff's request for recusal turns on (1) the issuance of orders in this matter; and (2) his allegations

8    of a relationship that are disproven by his own submissions. The mere fact that a judge has ruled

9    adversely to a party has no tendency to establish the requisite type of bias for the purpose of recusal. *See*

10    *United States v. McTiernan*, 695 F.3d 882, 893 (9th Cir. 2012). These grounds are not legally sufficient

11    on their face to warrant recusal or disqualification, even if Plaintiff had submitted the required affidavit.

12    **IV.   CONCLUSION**

13         Based on the foregoing and good cause appearing therefore,

14         **IT IS HEREBY ORDERED** that Plaintiff's Motions for Recusal of Magistrate Judge (Docket

15    Nos. 118, 126) are **DENIED**.

16         IT IS SO ORDERED.

17         DATED: June 27, 2014.

18         _____

19         NANCY J. KOPPE
          United States Magistrate Judge

20

21

22

23

24

25

26

27

28