UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEITH ALAN LASKO,<br><br>              Plaintiff,<br><br>vs.<br><br>AMERICAN BOARD OF SURGERY, et al.,<br><br>              Defendants. | 2:13-cv-01893-JAD-NJK<br><br>**O R D E R** |

Pending before the Court is Plaintiff's Motion for Reconsideration of the Court's February 21, 2014, Order striking certain supplemental responses. Docket No. 132. The Court has considered Plaintiff's motion, Defendants' response and joinders, and Plaintiff's reply. Docket Nos. 132, 133, 134, 138, 139, 140. Also pending before the Court is Defendants' Motion to Strike. Docket No. 135. The Court finds that these motions are properly resolved without oral argument. *See* Local Rule 78-2. .

**I.  PROCEDURAL HISTORY**

On February 21, 2014, this Court issued an Order granting Defendants' motion to strike.[1] Docket No. 72. On February 28, 2014, Plaintiff filed Objections pursuant to LR IB 3-1 to the Court's Order. Docket No. 79. On July 15, 2014, despite the fact that Plaintiff's objections remain pending, Plaintiff filed the instant motion, asking the undersigned to reconsider the Order at Docket No. 72. Docket No. 132. Plaintiff requests the Court to reconsider its Order striking his

---

[1] The Order granted Defendants' Motion to Strike Plaintiff's Motion Against Change of Venue and Against Stopping Discovery (Docket No. 64), Plaintiff's Motion to Deny Defendants' Anti Slapp Claim (Docket No. 65), and Plaintiff's Motion to Deny Defendants' Claim of Plaintiff's Failure to State a Claim (Docket No. 66). Docket No. 72.

1  supplemental responses to the various motions to dismiss that Defendants had previously filed. *Id.*,
2  at 5.  Plaintiff represents that he "should not be punished for health problems that limited his
3  activities whoile [sic] recovering from a potentially fatal heart attack." *Id.*, at 2.

4        On July 29, 2014, Defendants Saul Ewing and Bevilacqua filed their response.  Docket No.
5  133.  On July 31, 2014,  Defendants American Board of Surgery, Cofer, Mahvi, Lewis, Buyske,
6  Malangoni, Bevilacqua, and Goldberg joined Defendants Saul Ewing and Bevilacqua's response.
7  Docket Nos. 134, 138.  On August 1, 2014, Defendant American Board of Internal Medicine joined
8  Defendants Saul Ewing and Bevilacqua's response.  Docket No. 139.  Defendants represent that
9  Plaintiff's motion for reconsideration is untimely and thus, as a result, should be denied.  Docket No.
10  133, at 2-3.  On August 1, 2014, Plaintiff filed his reply.  Docket No. 140.  Plaintiff represents that
11  his motion for reconsideration should be reviewed "[o]n the basis of the recent Hobby Lobby
12  Decision."  *Id.*, at 3.

13        On July 31, 2014, Defendants American Board of Surgery, Bevilacqua, Buyske, Cofer,
14  Lewis, Mahvi and Malangoni filed a motion to strike Plaintiff's motion to reconsider.  Docket No.
15  135.  Plaintiff has not responded to the motion to strike.  *See* Docket.

16  **II.**     **DISCUSSION**

17        In his motion to reconsider, Plaintiff requests the Court to reconsider its Order at Docket No.
18  72, striking his supplemental responses to various motions.  Docket No. 132.  In the Order, the Court
19  found that Plaintiff filed timely oppositions to Defendants' Motions to Dismiss and SLAPP Motions.
20  Docket No. 72, at 1.  After Defendants filed their replies, Plaintiff filed untimely, unpermitted
21  supplemental responses, and it was those responses that the Court struck.  *Id.*, at 2-4.  The Court also
22  held, that because Defendants did not raise any new issues in their reply to the Motion to Dismiss
23  and the SLAPP Motion, Plaintiff is not permitted to file a sur-reply.  *Id.*, at 2-3; LR 7-2(a)-(c).[2]

24  . . . .

25  . . . .

---

27      [2]Plaintiff appears not to understand that his original response to the Motion to Dismiss and
the SLAPP Motion remain on the docket.  Docket Nos. 47, 48.  The only items stricken by the Court
28  in the Order on which Plaintiff seeks reconsideration are the improperly filed supplemental
responses.  *See* Docket No. 72; LR 7-2(a)-(c).

- 2 -

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). Plaintiff's motion to reconsider does not cite, let alone attempt to comply with, the applicable standards. Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).

### III.     CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration of February 21, 2014 Decision (Docket No. 132) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Motion for Reconsideration (Docket No. 135) is **DENIED** as moot.

IT IS SO ORDERED.

DATED: August 20, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge