Timothy R. Mulliner
Nevada Bar No. 10692
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, NV 89106
Tel.   702.471.7000
Fax    702.471.7070
MullinerT@ballardspahr.com

Paul Lantieri III*
Terence M. Grugan*
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Tel.   215.665.8500
Fax    215.864.8999
LantieriP@ballardspahr.com
GruganT@ballardspahr.com

*Admitted Pro Hac Vice*

Counsel for Defendant
American Board of Internal Medicine

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| REVEREND DOCTOR KEITH ALAN LASKO, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN BOARD OF SURGERY, INC.; AMERICAN BOARD OF MEDICAL SPECIALTIES, INC.; AMERICAN BOARD OF INTERNAL MEDICINE, INC.; JOSEPH B. COFER; DAVID M. MAHVI; JO BUYSKE; MARK A. MALANGONI; GABRIEL L. BEVILACQUA; MITCHELL S. GOLDBERG; and SAUL EWING, LLP, <br><br> Defendants. | Case No. 2:13-cv-01893-JAD-(NJK) <br><br> **AMERICAN BOARD OF INTERNAL MEDICINE'S MOTION FOR RECONSIDERATION OF ORDER (Doc. No. 163) DENYING IN PART ITS MOTION TO DISMISS (Doc. No. 36) PLAINTIFF'S AMENDED COMPLAINT (Doc. No. 19)** |

Pursuant to Rules 54(b) and 59(e) of the Federal Rules of Civil Procedure, defendant American Board of Internal Medicine ("ABIM") submits this Motion for Reconsideration of Order (Doc. No. 163) Denying in Part Its Motion To Dismiss (Doc. No. 36) Plaintiff's Amended Complaint (Doc. No. 19).

1

This Motion is made and based on the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument the Court may consider on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

In its Order resolving the defendants' motions to dismiss Lasko's amended complaint (Doc. No. 163) ("Order"), the Court dismissed all of Lasko's claims except a claim for defamation or libel against ABIM. With respect to that claim, the Court found that "ABIM does not argue that any statements it may have made are privileged because they were true." (Order at 18.) In its motion to dismiss briefing, however, ABIM did assert that its statements about Lasko and his organizations were true, and thus that Lasko failed to plead a threshold element of his defamation claim. Accordingly, ABIM respectfully requests that the Court reconsider its holding that Lasko sufficiently pleaded that claim, and dismiss Lasko's defamation claim.[1]

II. **BACKGROUND**

The pertinent background, which ABIM set forth in its motion to dismiss Lasko's initial complaint (Doc. No. 15 at 2-5), is as follows.

A. **Lasko's History**

Plaintiff, Lasko was once licensed to practice medicine in three states. He also was Board Certified by defendant, ABIM – a nonprofit, independent evaluation organization that certifies physicians in internal medicine and its subspecialties, such as cardiology and geriatric medicine. Board Certification is not required to practice medicine; rather, it is a marker that a physician has demonstrated the clinical judgment, skills and attitudes essential for the delivery of excellent patient care.

///

---

[1] ABIM is separately filing a motion to dismiss Lasko's second amended complaint, in which Lasko substantially changed the allegations underlying his defamation claim. As ABIM contends in its motion to dismiss the second amended complaint, Lasko's repleaded defamation claim should be dismissed not only because Lasko fails to allege a false and defamatory statement, but also because it is barred by the statute of limitations and because the common interest privilege applies.

2

In 1991, however, Lasko was disciplined by the Medical Board of California for excessive use of diagnostic procedures, negligence and incompetence, dishonesty, and false billing. The California medical licensing board revoked his license, and the medical licensing boards in the other states in which he was licensed subsequently did the same. ABIM then suspended his board certification pending restoration of unrestricted licensure. Lasko never regained licensure or certification. Thus, he has not been a licensed or Board Certified physician for many years. (*See* Doc. No. 15 at 3 and Exs. 1 & 2 thereto.)

Meanwhile, Lasko began creating dozens of entities with names that substantially resemble the names of legitimate medical organizations, covering a broad range of medical specialties, and through those entities he sold medical certifications without requiring medical training, testing, or medical background review. (*See* Doc. No. 15 at 3-4.)

This activity drew the attention of law enforcement. In 2004, the Illinois Attorney General brought a civil action against Lasko and obtained an injunction permanently enjoining him from, among other, things, advertising or selling certificates to physicians, and representing that his entities were affiliated with medical organizations. (*See* Doc. No. 15 at 4 & Ex. 3 thereto.) Lasko nevertheless persisted with this conduct. In 2009, the Connecticut Attorney General announced an investigation, and issued an "urgent warning to doctors and consumers" that Lasko (using the name Keith Lasko and other names) was selling "phony certifications to doctors in a variety of medical specialties in exchange for submitting only basic information and a substantial fee." (*See* Doc. No. 15 at 4 and Ex. 4 thereto.) The Connecticut Attorney General explained that "[r]eal and recognized medical board certifications require rigorous examination and education -- not simply payment for a piece of paper," and that Lasko's "scheme deceives patients and medical professionals, and endangers lives – misleading consumers into believing that their physicians possess a level of expertise that they lack." (Doc. No. 15, Ex. 4.) In addition, the Connecticut Attorney General identified several of the "bogus board names" through which Lasko sold "fake certificates," and reported that "[a]t least 130 more complaints" about this conduct had been reported. (*Id.*)

Indeed, ABIM, among others, received many complaints and inquiries about Lasko's purported organizations and practices. Accordingly, ABIM posted warnings about Lasko's activities on its website. The first, titled "Warning Regarding Spurious and Unrecognized Certification Boards," provided:

> ABIM receives continual inquiries concerning mail solicitations to apply for Certification from the "American Board of Diabetes", "American Board of Geriatrics" and the "American Academy of Cardiology." These organizations are spurious Certification boards. For a fee they provide a legitimate-looking certificate, but one that is not recognized by any legitimate medical organization. The named organizations appear to be operated by Keith Lasko, an MD whose California license to practice has been revoked and who has lost licensure in all other states in which he was licensed. The websites for Lasko's organizations are cross linked. They attempt to achieve legitimacy by listing the names of numerous legitimate organizations, without the permission of those organizations. ABIM recommends that its diplomates (and all physicians) investigate the legitimacy of any organization offering Certification.

(Am. Compl. Ex. H, Doc. 19-2 at 59, 65.) The second, titled "Warning regarding scam 'Certification Boards,'" without mentioning Lasko by name, again reported that "ABIM ha[d] received reports from several of [its] diplomates regarding letters and solicitations they have received from groups offering 'certification' in Geriatric Medicine, Cardiology and Hospital Medicine, among other things." (Am. Compl. Ex. H, Doc. 19-2, at 55, 60, 71.) It further stated:

> ABIM is concerned about the welfare of patients who may choose doctors representing themselves as "board certified" based on their possession of a certificate from unaccredited "boards" that award certificates but require no accredited training, testing or medical background review.
>
> Have you been contacted by any of the below groups? These phony "certification boards" have been reported to ABIM as fraudulent, and if you hear from them, or receive any certification information that seems suspicious, ABIM would like to know about it.

(Id.)

Among other legitimate organizations concerned about Lasko's conduct, the American Board of Medical Specialists ("ABMS"), the American Board of Surgery ("ABS"), and the American Geriatrics Society posted or published similar warnings. (*See, e.g.*, Am. Compl. Ex. H, Doc. 19-2 at 51-53, 56-58, 61-62, 66-70, 72-74.) In addition, in 2010 ABS brought two

4

actions against Lasko and certain of his entities in the Eastern District of Pennsylvania (which actions gave rise to Lasko's earlier complaints in this case), and obtained a monetary judgment and a permanent injunction prohibiting Lasko from, among other things, using various names he had created for illegitimate organizations and selling certificates related to any purported medical organization.  (*See* Order, Am. Bd. of Surgery, Inc. v. Lasko, No. 10-1857 (E.D. Pa. Jan. 6, 2011), Doc. No. 5-3 at 77.)  Again, Lasko persisted with such conduct.  The district court found him in contempt of the injunction order in April 2013, and the Third Circuit affirmed the contempt order.  (*See* Order, Am. Bd. of Surgery, Inc. v. Lasko, No. 10-1857 (E.D. Pa. Apr. 8, 2013), Doc. No. 5-2 at 2; Order, Am. Bd. of Surgery, Inc. v. Lasko, No. 13-2128 (3d Cir. Aug. 28, 2013).)

### B.   Procedural History

Lasko filed his initial complaint in this case (Doc. No. 5) on October 18, 2013.  ABIM filed a motion to dismiss that complaint on November 12, 2013 (Doc. No. 15).  The same day, Lasko filed his amended complaint (Doc. No. 19).  ABIM then filed its motion to dismiss the amended complaint (Doc. No. 36) on November 22, 2013.  ABIM attached and incorporated its motion to dismiss the initial complaint into its motion to dismiss the amended complaint.  (*See* Doc. No. 36 at 2-3 & Ex. A thereto.)

Lasko's claim titled "Defamation, Libel, False Light" in the amended complaint states, in its entirety:

> American Board of Surgery, Inc., American Board of Internal Medicine Inc., and American Board of Medical Specialties Inc, have maintained a campaign to vilify and denigrate and destroy Reverend Lasko and his medical organizations on their websites and numerous internet postings, medical newspapers, medical journals, stating that Reverend Lasko is "running wild", "can do nothing right", "claims to be a doctor", "bogus organizations", "illegal organizations", "phoney organizations", "fake boards", "fraudulent organizations", conducting "false organizations" and "false certifications", "preying on foreign physicians".  **EXHIBIT H**.  [*Sic*.]

(Am. Compl. at 22.)  Thus, Lasko did not plead that ABIM made any false statement or attribute any particular statement to ABIM.  He did, however, attach as Exhibit H to his amended complaint a compendium of press releases, news articles printed from websites, web search

5

results, and snippets of unidentified materials. Among those materials are multiple copies of the two warnings described above that ABIM posted on its website. (*See* Am. Compl. Ex. H.)

In its motion to dismiss the initial complaint, which ABIM attached and incorporated into its motion to dismiss the amended complaint, ABIM argued:

> [Rev. Lasko's claim] for "Defamation, Libel, False Light" fails because Rev. Lasko ***cannot establish, among other things, the threshold requirement that ABIM made a false statement when it cautioned physicians and the public about the legitimacy of Rev. Lasko's organizations*** . . . . ***Truth is a defense to a claim of defamation, libel, or false light, and ABIM's statements contain no false statements.*** Underscoring that point, courts in Illinois and Pennsylvania have found that Rev. Lasko's organizations were in fact illegitimate, and they prohibited him from engaging in the very conduct that gave rise to the warnings issued by ABIM and others.[2]

(Doc. No. 36-1 at 11-12 (emphasis added; footnote and citations omitted).) In its decision on the motion to dismiss the amended complaint, however, the Court ruled:

> Lasko's defamation claim survives dismissal. He alleges potentially defamatory statements and alleges publication via the internet, newspapers, and journals. Liberally construing his pleading, "fault, at least amounting to negligence" can be inferred. Because the statements are directed toward his professional activities, damages may also be inferred. ***ABIM does not argue that any statements it made are privileged because they were true.*** Accordingly, this claim survives against ABIM. If only state-law claims survive and no federal claims remain, however, I may decline to exercise wholly supplemental jurisdiction at a future date.

(Doc. No. 163 at 18 (emphasis added).)

**III.   ARGUMENT**

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,[3] a court has the inherent power, derived from the common law, "to reconsider, rescind, or modify an interlocutory order

---

[2]   ABIM further argued that the defamation claim should be dismissed because in the amended complaint, Lasko did not allege that ABIM made a false statement about him, and he impermissibly relied on group pleading. (Doc. No. 36 at 3 (citing a case dismissing such an insufficiently pleaded claim).)

[3]   Rule 54(b) provides, in relevant part, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

6

for cause seen by it to be sufficient so long as it has jurisdiction." Henry v. Rizzolo, No. 08-0635, 2010 WL 3636278, at *1 (D. Nev. Sept. 10, 2010) (citing City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 88 (9th Cir. 2001)). A motion for reconsideration premised on a court's plenary power under Rule 54(b) requires: "(1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." Patterson v. State of Nev., No. 11-0845, 2014 WL 3894128, at *1 (D. Nev. Jun. 12, 2014) (citation omitted). In deciding what constitutes a "strongly convincing nature," this district applies the standard for a motion to alter or amend a judgment under Rule 59(e), which states that "reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Henry, 2010 WL 3636278, at *1 (citing Sch. Dist. No. 1J, Multnomah County, Ore. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

ABIM respectfully submits that the Court erred in finding that ABIM had not asserted truth as a basis for dismissing Lasko's defamation claim, and that had the Court credited ABIM's argument that Lasko failed to allege any false statements, the Court would have concluded that Lasko's amended complaint failed to state a claim for defamation. Indeed, the record demonstrates that ABIM's statements – which were intended to protect the medical community and the public from the danger posed by physicians obtaining illegitimate "board certifications" – were true. Two courts even enjoined Lasko from selling certifications from purported medical organizations precisely because he was selling sham certifications from illegitimate organizations. Accordingly, Lasko cannot plausibly allege that ABIM's statements were false, and he cannot state a claim for defamation. This Court should invoke its power to reconsider its ruling with respect to ABIM's motion to dismiss Lasko's defamation claim and enter a revised order acknowledging ABIM"s assertion of truth as a defense.

/ / /

/ / /

/ / /

## IV. CONCLUSION

For all the reasons set forth above, the Court should reconsider its decision on ABIM's motion to dismiss Lasko's defamation claim, and dismiss the claim.

Respectfully submitted,

BALLARD SPAHR LLP

By: /s/ Timothy R. Mulliner
    Timothy R. Mulliner
    Nevada Bar No. 10692
    100 North City Parkway, Suite 1750
    Las Vegas, NV 89106

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of October 2014, and pursuant to Fed. R. Civ. P. 5(b), a true and correct copy of the foregoing *American Board of Internal Medicine's Motion for Reconsideration of Order (Doc. No. 163) Denying in Part Its Motion To Dismiss (Doc. No. 36) Plaintiff's Amended Complaint (Doc. No. 19)* was served on the following via this Court's CM/ECF filing system:

Roger W. Wenthe, Esq.
U.S. Attorney's Office Civil Division
333 Las Vegas Boulevard, South #5000
Las Vegas, NV 89101
*Attorneys for Defendant Mitchell S. Goldberg*

Scott R. Cook
Ryan S. Peterson
KOLESAR & LEATHAM
400 South Rampart Blvd., Suite 400
Las Vegas, NV 89145
*Attorneys for Defendant American Board of Medical Specialties*

Robert Schumacher, Esq.
Megan H. Hummel, Esq.
GORDON & REES, LLP
3770 Howard Hughes Pkwy, Suite 100
Las Vegas, NV 89169
*Attorneys for Defendants American Board of Surgery, Inc.; Joseph B. Cofer, M.D.; David M. Mahvi, M.D.; Jo Buyske, M.D.; Mark A. Malangoni, M.D.; Gabriel L. Bevilacqua, Esq.; and Frank R. Lewis, Jr.*

Von S. Heinz, Esq.
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169
*Attorneys for Defendants Gabriel L. Bevilacqua, Esq. and Saul Ewing, LLP*

and to the following via U.S. Mail, postage prepaid thereon, AND hand delivery:

Keith A. Lasko
8604 Vivid Violet Avenue
Las Vegas, NV 89143
*Plaintiff* pro se

/s/Joanne Ielpi
An employee of Ballard Spahr LLP

9