1

2

3

4                         UNITED STATES DISTRICT COURT

5                               DISTRICT OF NEVADA

6                                      * * *

7   KEITH ALAN LASKO,                        )
                                             )
8                                            )
                        Plaintiffs,          )        2:13-cv-01893-JAD-NJK
9                                            )
    vs.                                      )
10                                           )
    AMERICAN BOARD OF SURGERY, et al.,       )          **ORDER**
11                                           )
                                             )        (Docket Nos. 183, 184)
12                      Defendants.          )
                                             )
13  _____

14          Pending before the Court is Defendant American Board of Internal Medicine's ("ABIM)

15  Motion to Strike Plaintiff's Two Unauthorized Supplemental Responses and Motion for Sanctions.

16  Docket Nos. 183 and 184.[1]   Defendant asks the Court to strike the documents at Docket Nos. 178

17  and 182 as unauthorized supplemental responses, and to sanction Plaintiff for continuing to violate

18  Court orders.  The Court has considered Defendant's motions and Plaintiff's Response.  Docket Nos.

19  183, 184, 185.  No Reply was filed.  *See* Docket.  The Court finds this motion appropriately resolved

20  without oral argument. Local Rule 78-2.

21  **I.     BACKGROUND**

22          On October 20, 2014, Defendant filed a Motion to Dismiss Keith Alan Lasko's Second

23  Amended Complaint ("Motion to Dismiss").  Docket No. 168.  On October 24, 2014, Plaintiff filed

24  a response to Defendant's motion and, on November 3, 2014, Defendant filed a reply to Plaintiff's

25  response. Docket Nos. 171, 177.  Thereafter, on November 5, 2014, Plaintiff filed a second response

26

27  _____

28          [1]The Court notes that the document at Docket Nos. 183 and 184 are, in fact, the same motion.
    Since the motion requests two separate forms of relief, the Court requires it to be filed as two
    separate docket entries.  *See* Special Order 109.

1  to Defendant's motion. Docket No. 178.[2] Further, on November 17, 2014, Plaintiff filed yet another

2  response to Defendant's motion. Docket No. 182.[3]

3      Defendant seeks to strike Plaintiff's supplemental responses on the grounds that they are

4  untimely and improper under the Federal Rules. Docket No. 183.

5  **II.    DISCUSSION**

6      **A.    Striking of Filings**

7      The docket entry for Defendant's Motion to Dismiss clearly states: "Responses due by

8  11/6/2014." Docket No. 168. Plaintiff complied with this deadline by filing his response on October

9  24, 2014. Docket No. 171. That docket entry clearly states: "Replies due by 11/3/2014." *Id.*

10 Defendant complied with this deadline by filing its reply on November 3, 2014. Docket No. 177.

11  The deadlines set on the docket comply with the Court's Local Rules regarding the timing for filing

12 responses and replies to motions. LR 7-2. Therefore, if Plaintiff intended the filings at Docket Nos.

13 178 and 182 to be supplemental responses to Defendant's motion, his responses were untimely.

14      Further, if Plaintiff intended his filings at Docket Nos. 178 and 182 to be surreplies to

15 Defendant's reply, they are procedurally improper. As the Court has explained to Plaintiff in more

16 than one Order, because Defendant did not raise any new issues in its reply to the Motion to Dismiss,

17 and because Plaintiff did not request or obtain leave of court, Plaintiff is not permitted to file a

18 surreply.

19      [I]f Plaintiff intended for his second response to be a surreply, it is also improper. Local Rule
    7–2(a)–(c) allows a motion, a response and a reply. No provision is made for the filing of a

20      surreply. "A surreply may only be filed by leave of court, *and only to address new matters
    raised in a reply to which a party would otherwise be unable to respond.*" *Spartalian v.*

21      *Citibank, N.A.*, 2013 WL 593350, at *2 (D. Nev. Feb. 13, 2013) (citing *Kanvick v. City of
    Reno,* 2008 WL 873085, at *n.1 (D.Nev. March 27, 2008)(emphasis in original)). Here,

22

23      [2]The Court notes that this second response was docketed as a response to Defendant
    American Board of Medical Specialties' ("ABMS") Motion to Dismiss (Docket No. 172). *See*

24 Docket. Plaintiff's response, however, speaks only of Defendant ABIM and its motion to dismiss
    and not Defendant ABMS. *See* Docket No. 178. The Court therefore concludes that Plaintiff

25 intended to respond, again, to Defendant ABIM's motion to dismiss.

26      [3]The Court notes that this response was docketed as a supplement to Plaintiff's Reply to
    ABIM's Response to Docket 179. *See* Docket. Docket No. 179, however, was a motion against

27 ABMS and not ABIM, and the document at Docket No. 182 clearly relates solely to ABIM and its
    motion to dismiss. *See* Docket No. 182. The Court therefore concludes that Plaintiff intended to

28 respond, again, to Defendant ABIM's motion to dismiss.

1
2
> Plaintiff did not request leave to file a surreply nor are there new matters raised in the reply to which Plaintiff would otherwise be unable to respond. Accordingly, even if Plaintiff intended his second response to be a surreply, it is improper.

3 Docket No. 60, at 2; Docket No. 72, at 3. *See also* Docket No. 107, at 4.

4     Plaintiff's surreplies, then, are procedurally improper. Accordingly, they shall be stricken.

5 **B.      Sanctions**

6     Defendant asks the Court to impose sanctions for Plaintiff's continued violation of the

7 Court's Orders and the applicable rules. Docket No. 184, at 3-5.

8     United States District Judge Jennifer A. Dorsey and the undersigned have both issued orders

9 in the instant case informing Plaintiff that he may not file unauthorized surreplies or untimely

10 supplemental responses to motions. *See, e.g.,* Docket No. 107, at 4 ("This is now the third order

11 explaining to Plaintiff that he may not continue to file documents rehashing the matters that are

12 already fully briefed..."). *See also* Docket Nos. 60, 72, 163. Additionally, both Judge Dorsey and

13 the undersigned have repeatedly warned Plaintiff that he will be sanctioned if his conduct continued.

14 *See* Docket Nos. 72, at 3 ("Further, the Court warns Plaintiff that failure to comply with this Court's

15 Orders may result in sanctions pursuant to Federal Rule of Civil Procedure 16(f) and Local Rule IA

16 4-1"); 107, at 4 ("Lasko is again cautioned that should he persist in further filings that violation this

17 Court's orders, he will be sanctioned pursuant to Federal Rule of Civil Procedure 16(f) and the broad

18 docket-management powers of this Court"); Docket No. 163, at 33 ("Sanctions will follow if Lasko

19 continues to disregard the court's orders and, whether in an amended complaint or in motions, if he

20 persists in frivolous filings that flout the rules and reargue points he has already argued -

21 unsuccessfully - many times").

22     Despite these warnings, Plaintiff has continued to violate the Court's orders and the Local

23 Rules by filing procedurally incorrect documents. The Court, therefore, concludes that its warnings

24 did not have their desired deterrent effect.[4]

25

---

26
27
28
[4]While the Court construes all of Plaintiff's motions with liberality, and has granted him great leeway with regard to his prior violations of Court Orders and the applicable Rules, Plaintiff is subject to the same rules of procedure as all other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure"); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants"); The law demands that "pro se

1    Defendant asks the Court to impose sanctions in the form of dismissal of the instant action,

2    as well as the attorney fees it incurred as a result of filing the instant motion.  Docket No. 184, at 4-5.

3    Federal Rule 16(f) requires parties to comply with pretrial orders and provides that the Court

4    may order any "just" sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for

5    non-compliance. *Wilson v. KRD Trucking W.*, 2013 WL 836995 (D. Nev. Mar. 6, 2013).  "[T]he rule

6    is broadly remedial and its purpose is to encourage forceful judicial management." *Id.*; quoting

7    *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir.1986).   The rule also makes clear that

8    "concerns about burdens on the court are to receive no less attention than concerns about burdens

9    on opposing parties." *Id.*; quoting *Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)(*en banc*).

10   Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions

11   may be imposed when the parties and/or their counsel disobey a court order.  *See Lucas Auto. Eng'g,*

12   *Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001).  Similarly, this Court's Local

13   Rules also provide the Court with authority to impose "any and all appropriate sanctions on an

14   attorney ... who, without just cause ... [f]ails to comply with any order of this Court."  LR IA 4–1.

15   Here, Plaintiff clearly violated numerous Court orders, and continued to file procedurally

16   improper documents.  Therefore, the Court agrees with Defendant that sanctions are warranted.  The

17   Court may award any "just" sanctions under Fed.R.Civ.P. 16(f) and "any and all appropriate"

18   sanctions under LR IA 4–1. In determining the appropriate sanction, the Court notes that a primary

19   objective of Fed.R.Civ.P. 16(f) is the deterrence of conduct that unnecessarily consumes the Court's

20   time and resources that could have been more productively utilized by litigants willing to follow the

21   Court's procedures. The Court also considers the resources wasted by the parties due to their

22   violations of the Court's orders.  *See, e.g.*, Fed.R.Civ.P. 16(f)(2).

23   . . . .

24   _____

25   litigants in the ordinary civil case should not be treated more favorably than parties with attorneys."
     *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

26   Judge Dorsey specifically reminded Plaintiff of his obligation to follow the procedures in one
27   of her Orders.  Docket No. 163, at 32 ("While I construe all of Lasko's pro-se motions with great
     liberality, I remind him that he is not relieved of his obligation to comply with the rules and
28   procedures of this court simply because he has not retained, or cannot afford to retain, an attorney
     to represent him").

1    In determining the appropriate sanction, the Court finds that dismissal of the instant matter

2 is too harsh a remedy as an initial sanction, and therefore denies that portion of Defendant's motion.

3 Instead, pursuant to Fed.R.Civ.P. 16(f) and LR IA 4-1, the Court finds that payment of Defendant's

4 attorneys' fees and costs for filing the motion at Docket No. 183 is an appropriate sanction to deter

5 further conduct.  *See* Fed.R.Civ.P. 16(f).

6    Defendant's attorneys shall submit a declaration of their fees and costs incurred in relation

7 to the motion at Docket No. 183, no later than January 16, 2015.  Plaintiff may file any objections

8 to the amount of fees and costs sought by Defendant and its counsel, no later than January 26, 2015.

9 **III.    CONCLUSION**

10    Based on the foregoing, and good cause appearing therefore,

11    **IT IS HEREBY ORDERED** that Defendant's Motion to Strike, Docket No. 183, is

12 GRANTED.

13    **IT IS FURTHER ORDERED** that the documents at Docket Nos. 178 and 182 are

14 STRICKEN.

15    **IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions, Docket No. 184, is

16 GRANTED in part and DENIED in part.

17    **IT IS FURTHER ORDERED** that Defendant's attorneys shall submit a declaration of their

18 fees and costs incurred in relation to the motion at Docket No. 183, no later than January 16, 2015.

19 Plaintiff may file any objections to the amount of fees and costs sought by Defendant and its counsel,

20 no later than January 26, 2015.

21    DATED: January 12, 2015.

22

23

24    NANCY J. KOPPE
     United States Magistrate Judge

25

26

27

28

- 5 -