UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| KEITH ALAN LASKO, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:13-cv-01893-JAD-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN BOARD OF SURGERY, et al., | ) | **ORDER** |
| | ) | |
| | ) | (Docket No. 186) |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Plaintiff's Motion for Sanctions against Defendant American Board of Internal Medicine ("Defendant"). Docket No. 186.[1] The Court has considered Plaintiff's motion and Defendant's Response. Docket Nos. 186, 189. No Reply was filed. *See* Docket. The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2.

Plaintiff asks the Court to sanction Defendant for "extreme unethical conduct by a lawyer." Docket No. 186, at 1. Plaintiff states, without citation to the docket, that Defendant has filed "at least eight or nine separate responses" to Plaintiff's Second Amended Complaint. *Id*., at 2. Plaintiff states that he was forced to respond to Defendant's multiple filings, and that Defendant then asked the Court to strike Plaintiff's multiple filings and sanction Plaintiff. *Id*. Instead, Plaintiff, argues, the Court should sanction Defendant for, among other things, abuse of process. *Id*.

In response, Defendant submits that it has followed all federal and local rules in its filings in the instant case. Docket No. 189, at 2. Defendant states that Plaintiff filed multiple responses to its pending motion to dismiss and that it properly requested the Court to strike Defendant's

---

[1] Plaintiff's Motion is entitled "Unethical Conduct Against a Pro Se Litigant by American Board of Internal Medicine Inc Attorneys: Abuse of Process, Deprivation of Plaintiff [sic] Due Process Rights, Violation of Equal Protection of the Law, Violation of First, Fifth Fourteenth Amendment Rights."

supplemental responses. *Id.*; *see also* Docket Nos. 183, 184. Therefore, Defendant claims that no justification exists to sanction it for its conduct. *Id.*

Federal Rule 16(f) requires parties to comply with pretrial orders and provides that the Court may order any "just" sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance. *Wilson v. KRD Trucking W.*, 2013 WL 836995 (D. Nev. Mar. 6, 2013). "[T]he rule is broadly remedial and its purpose is to encourage forceful judicial management." *Id.*; quoting *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir.1986). The rule also makes clear that "concerns about burdens on the court are to receive no less attention than concerns about burdens on opposing parties." *Id.*; quoting *Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)(*en banc*). Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and/or their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). Similarly, this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions on an attorney ... who, without just cause ... [f]ails to comply with any order of this Court." LR IA 4–1.

The Court has carefully reviewed the docket in the instant case. Plaintiff filed his Second Amended Complaint on October 3, 2014. Docket No. 165. Since that time, Defendant has filed seven separate documents on the docket: On October 17, 2014, Defendant filed a Motion to Reconsider the Court's Order at Docket No. 163;[2] on October 20, 2014, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint;[3] on October 30, 2014, Defendant filed a Reply to Plaintiff's Response to its Motion to Reconsider the Court's Order at Docket No. 163;[4] on November 3, 2014, Defendant filed its Reply to Plaintiff's Response to its Motion to Dismiss;[5] and on November 25, 2014, Defendant filed a Motion to Strike Plaintiff's Supplemental Responses and

---

[2] Docket No. 166.

[3] Docket No. 168.

[4] Docket No. 176.

[5] Docket No. 177.

a Motion for Sanctions for filing supplemental responses.[6] Finally, on December 11, 2014, Defendant filed its Response to the instant Motion for Sanctions filed by Plaintiff.[7] Of these documents, only the Motion to Dismiss and its Reply, which is allowed by all applicable Rules, were filed in relation to Plaintiff's Second Amended Complaint. *See* Docket Nos. 168, 177.

The Court finds no evidence on the docket, or in the briefing of the instant motion, that Defendant has filed "at least eight or nine separate responses" to Plaintiff's Second Amended Complaint. Docket No. 186, at 2. Further, the Court finds no evidence that Defendant has engaged in unethical conduct or filed documents that fail to comply with either the federal or the local rules. Therefore, no reason for sanctions against Defendant exists.

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions, Docket No. 186, is DENIED.

DATED: January 12, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[6] Docket Nos. 183, 184.

[7] Docket No. 189.