UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Keith Alan Lasko, <br><br> Plaintiff <br><br> v. <br><br> American Board of Internal Medicine et al., <br><br> Defendants | Case No.: 2:13-cv-1893-JAD-NJK <br><br> **Order** <br><br> [##163, 165, 166, 168, 172, 195, 197, 199, 200, 208, 210] |

Pro se plaintiff "the Reverend Doctor Keith Alan Lasko, M.D., Doctor of Divinity (Hon.), Minister of the First Church of the Epiphany and Minister of the Worldwide Ministries of Jesus Christ" sues the American Board of Medical Specialties ("Specialties") and the American Board of Internal Medicine ("Internists") alleging a variety of federal and state causes of action.[1] The majority of claims and defendants have been dismissed—most without leave to amend. Only claims against Specialties and Internists now remain.

I first consider the fate of Lasko's claims against Specialties. After two extensions of the deadline to serve Specialties, I gave Lasko until October 3, 2014, to effectuate service on this defendant or demonstrate good cause for another extension.[2] Because Lasko failed to serve Specialties or offer good cause for his delay by the court-ordered deadline, I dismiss his claims against Specialties under FRCP 4(m) and for failing to comply with the court-ordered deadline.[3]

In October 2014, I dismissed all of Lasko's claims against Internists save for his defamation claim.[4] Internists now asks me to reconsider the preservation of that lone claim, arguing that my

---

[1] Doc. 19. The background proceedings in this case are detailed in Docs. 58, 107, 115, 116, 163, which are incorporated here by reference, and not repeated here.

[2] Doc. 163 at 30.

[3] *Id.*

[4] *Id.* at 10–22.

1

decision overlooked key arguments Internists had incorporated by reference in its motion.[5] I grant the request for reconsideration and, on review, I dismiss this remaining defamation claim with leave to amend.

These developments moot Specialties' motion to dismiss, motion for leave to re-serve Lasko with that motion, and motion to strike Lasko's surreply regarding that motion to re-serve,[6] along with Lasko's motion for reconsideration of Magistrate Judge Koppe's order denying his motion for entry of a default and default judgment against Specialties,[7] all of which I now deny as moot. I also find no merit in Lasko's motions for sanctions and attorneys fees against Specialties for alleged fraud on the court, and I deny them.[8]

This leaves me with one final pending motion: Lasko's motion for leave to file a second amended complaint.[9] In my September 19, 2014, order dismissing most of Lasko's claims, I gave Lasko detailed instructions on which claims he could attempt to replead in a second amended complaint. Those claims were limited to a handful of claims against Internists, Specialties, and Saul Ewing, LLC.[10] Lasko's proposed second amended complaint does not seek to retain any claims against Saul Ewing, but it does continue to plead claims against American Board of Surgery, which was dismissed from this action without leave to amend. Thus, Lasko's proposed amendment exceeds the scope of my prior order.[11] Regardless, because I now dismiss Specialties from this case along with Lasko's defamation claim against Internists, the proposed amended complaint is incongruent with the status of the remaining claims. Accordingly, I deny Lasko's motion for leave to file the proposed second amended complaint but give him one final opportunity to amend his claims

---

[5] Doc. 166.

[6] Docs. 172, 195, 210.

[7] Doc. 199.

[8] Docs. 197, 200, 208.

[9] Doc. 165.

[10] Doc. 163 at 20–22, 26–27, 30–33.

[11] *Id.*

against Internists, the lone defendant remaining in this case.

**Discussion**

**A.    Lasko's claims against Specialties are dismissed for failure to serve Specialties in compliance with my Omnibus Order.**

Lasko sued Specialties, Internists, and other defendants[12] on October 18, 2013.[13] On October 11, 2013,[14] Specialties moved to quash Lasko's service of process under Rule 12(b)(5); Magistrate Judge Nancy Koppe granted the motion on November 27, 2013.[15] Judge Koppe's order informed Lasko that he would "be given the opportunity to cure the error in service or request waiver of service pursuant to Fed.R.Civ.P. 4(d)."[16] Nearly ten months passed, and Lasko failed to properly serve Specialties. On September 19, 2014, I entered an order noting that Specialties had not been served and that more than 120 days had passed since Lasko filed his complaint, which could trigger dismissal of Lasko's claims against Specialties under Rule 4(m) ("Omnibus Order").[17] To provide Lasko with one last opportunity to bring Specialties into this suit, I extended the service deadline and gave him until October 3, 2014, "to properly serve Specialties and to file notice of service *or* file a motion for an extension of the service deadline with a demonstrate of good cause for the failure to serve Specialties timely."[18] I also cautioned Lasko that "If he does neither, all claims against

---

[12] All claims against the American Board of Surgery, Inc., Joseph B. Cofer, David M. Mahvi, Frank R. Lewis Jr., Jo Buyske, Mark Malangoni, Saul Ewing, LLC, and Gabriel Bevilacqua were dismissed. Doc. 163. Although I permitted Lasko leave until October 3, 2014, to amend one of his claims against Saul Ewing, Lasko did not take that opportunity, *see* Doc. 165 (October 3, 2014, motion by Lasko seeking leave to file a second amended complaint only against American Board of Surgery, Inc., Specialties, and Internists).

[13] Doc. 1.

[14] Lasko initially moved for permission to proceed *in forma pauperis*. Doc. 1. However, Lasko subsequently paid the $400 filing fee on October 17, 2013. Doc. 2. Thus, Magistrate Judge Koppe denied this motion as moot, she ordered Lasko's complaint to be filed. Doc. 4 (minutes).

[15] Docs. 12, 42.

[16] Doc. 42 at 3.

[17] Doc. 163 at 30.

[18] *Id.* (emphasis in original).

3

[Specialties] will be dismissed."[19]

On October 3, 2014, the Clerk of Court issued a summons for Specialties,[20] but to this day, Lasko has not shown that Specialties was served by the October 3, 2014, deadline. On October 29, 2014, Specialties moved to dismiss Lasko's claims, noting that Lasko did not effectuate service until October 8, 2014, five days after the court-extended deadline[21]; Lasko concedes October 8, 2014, was the date of service.[22]

Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint to be completed within 120 days and, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[23] Rule 4(c) places the responsibility on the plaintiff to serve the summons and complaint.[24] The Ninth Circuit has interpreted Rule 4(m) to require a two-step process for granting extensions of the service period.[25] If the court finds good cause for the service delay, it must extend the time period; however, if no good cause has been demonstrated, it has discretion to either dismiss without prejudice or extend the time period.[26] The court ascertains "good cause" on a case-by-case basis, the threshold requirement being excusable neglect.[27] The court twice extended Lasko's service

---

[19] *Id.*

[20] Doc. 164.

[21] Doc. 172 at 2.

[22] Doc. 209.

[23] *Id.*; Fed. R. Civ. Proc. 4(m).

[24] *Id.* at 4(c).

[25] *See in re Sheenan*, 253 F.3d 507, 512 (9th Cir. 2001).

[26] *Id.*

[27] *See id.*; *Robinson v. Churchill Comm. Hosp.*, 2007 WL 496819, at *1 (D. Nev. Feb. 12, 2007).

period, and his complete failure to serve Specialties or otherwise explain his failure to do so by the October 3, 2014, deadline makes it impossible for me to find he has demonstrated good cause or excusable neglect, and I exercise my discretion to dismiss Lasko's claims against Specialties under Rule 4(m).

Even if I lacked authority to dispose of Lasko's claims against Specialties under Rule 4(m), I could do so under Rule 41(b), which permits a district court to dismiss an action sua sponte for failure to prosecute, and under my inherent power to control the course of litigation.[28] "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."[29]

On balance, these five factors favor dismissal of Lasko's claims against Specialties. The first two factors favor dismissal because I originally waited nearly ten months for Lasko to properly serve Specialties, and even after getting additional opportunities, Lasko failed to comply with the firm and explicit deadlines outlined in my Omnibus Order. The risk of prejudice to defendants also favors dismissal, as they have not obtained any clarity regarding the merits of Lasko's allegations despite the fact this suit has been pending for more than a year.

I also find that less drastic alternatives were already employed—without success—by Judge Koppe when she granted Specialties' motion to quash but permitted Lasko "the opportunity to cure the error in service or request waiver of service pursuant to Fed.R.Civ.P. 4(d),"[30] and by me when I

---

[28] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances").

[29] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

[30] Doc. 42 at 3.

extended that deadline yet again.[31] Lasko is not relieved of the obligation to follow the rules of procedure that govern other litigants simply because he has chosen to represent himself;[32] he timely complied with other portions of my Omnibus Order by moving to file his second amended complaint by October 3, 2014, as directed.[33] Further, Lasko's failure to comply with my order was not merely negligent,[34] he has argued elsewhere that "Four months is more than 'excusable neglect'" with respect to service of process issues—roughly the same amount of time that has passed since his deadline to file a notice of service on Specialties ran. Given Lasko's compliance with other court orders and his strong disinclination to permit other parties additional time to comply with their litigation obligations, I conclude that Lasko understands the importance of following court orders and is aware of the penalties of failing to do so.

Finally, although disposition of Lasko's claims against Specialties on grounds other than their merits may be contrary to public policy, this factor alone, when considered against the strength of the other four, is insufficient to prevent dismissal of these claims. Lasko failed to comply with my order despite leniency, and I dismiss all of Lasko's claims against Specialties without prejudice. Lasko may no longer pursue or file any claims against Specialties in this lawsuit.

**B.  Specialties' motions to dismiss, motion for leave to re-serve its motion to dismiss, and motion to strike Lasko's surreply [Docs. 172, 195, 210] are denied as moot.**

Specialties filed a motion to dismiss Lasko's claims against it under Rule 4(m),[35] and later to extend the service deadline of that motion.[36] Because I am dismissing Lasko's claims against

---

[31] Doc. 163 at 30.

[32] *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986), *overruled on other grounds*, 693 F.3d 896 (9th Cir. 2012); *Cater v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

[33] Doc. 165.

[34] *See Birones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (discussing why "excusable neglect" amounts to "negligence.").

[35] Doc. 172.

[36] Doc. 195.

6

Specialties for failure to comply with Rule 4(m) and my Omnibus Order, I decline to reach the merits of Specialties' motion to dismiss and request to re-serve Lasko with it, and I deny both motions as moot. Specialties also moves to strike Lasko's surreply regarding the motion to re-serve.[37] Because I have denied the motion itself as moot, I also deny the motion to strike the surreply as moot.

**C.    Lasko's subsequent motions for sanctions and attorney's fees against Specialties [Docs. 197, 200, and 208] are denied because they did not factor into my dismissal of Lasko's claims against Specialties.**

Lasko has recently filed several requests for sanctions,[38] attorney's fees,[39] and other penalties against Specialties, arguing that Specialties has committed "fraud on the court" by misrepresenting the merits of its motion to dismiss under Rule 4(m) and submitting that document to the court without also properly serving him with it. He requests, *inter alia*:

> [P]ayment from [Specialties] of $100,000 for the time and research attorney fees and damages caused to Plaintiff by [Specialties] contemptuous failure to reply to any of Plaintiff's claims and failure to reply to nine separate communications from Plaintiff over four months and the illegal segregation of Plaintiff from [Specialties] illegal ex parte proceedings in violation of Due Process and in violation of Plaintiff fifth and fourteenth amendment rights and in contemptuous violation of federal rules of civil procedure.[40]

Lasko also claims that Specialties committed perjury by making material misrepresentations on its website, and committed a "pattern of continuous perjurious statements to the court."[41]

The only cognizable legal theory Lasko raises to support his fees and sanctions requests is "fraud on the court,"[42] which may be found "when the acts of a party prevent his adversary from fully and fairly presenting his case or defense."[43] Mere obstruction or zealous advocacy is not enough to

---

[37] Doc. 210 at 1 (asking to strike Doc. 195).

[38] Doc. 197. Lasko's fourth filing of this document, Doc. 199, serves as his response to Specialties' motion to dismiss. For the sake of simplicity, I cite only to Doc. 197.

[39] Doc. 200.

[40] *See, e.g.*, Doc. 197 at 10.

[41] Doc. 208 at 1–3.

[42] *See, e.g.*, Doc. 197 at 2–5, 8–10.

[43] *Abatti v. C.I.R.*, 859 F.2d 115, 118 (9th Cir. 1988).

7

qualify as fraud on the court; a party's acts must instead involve "an unconscionable plan or scheme which is designed to improperly influence the court in its decision."[44]

Specialties did not influence my decision to dismiss Lasko's claims; his own failure to comply with my Omnibus Order and Rule 4(m) was the impetus for the dismissal of Lasko's claims against Specialties. Even assuming Specialties' conduct were sanctionable, it did not prevent Lasko "from fully and fairly presenting his case or defense";[45] Lasko's own conduct did that. Accordingly, I deny Lasko's requests for sanctions, attorney's fees, and other penalties.

**D.  Lasko's motion for reconsideration of Magistrate Judge Koppe's denial of his motion for default judgment [Doc. 198] is also denied as moot.**

Lasko also seeks reconsideration of Magistrate Judge Koppe's order denying his motion for a clerk's entry of default and default judgment against Specialties.[46] Specialties' dismissal from this lawsuit leaves no claims pending against this defendant for which default could issue, and it obviates the need for me to consider this motion, which I now deny as moot.

**E.  Internists' motion for reconsideration [Doc. 166] is granted.**

My Omnibus Order also disposed of a number of motions to dismiss in this case.[47] I granted in part and denied in part Internists' motion,[48] dismissing all of Lasko's claims against Internists except his claim for defamation, reasoning:

> Lasko's defamation claim survives dismissal. He alleges potentially defamatory statements and alleges publication via the internet, newspapers, and journals. Liberally construing his pleading, "fault, amounting to at least negligence" can be inferred. Because the statements are directed toward his professional activities, damages may also be inferred. *[Internists] does not argue that any statements it may have made are privileged because they were true.* Accordingly, this claim survives against [Internists].[49]

---

[44] *Id.* (quotation omitted).

[45] *Id.*

[46] Docs. 190, 198.

[47] Docs. 21, 43, 36, 45.

[48] Doc. 36.

[49] Doc. 163 at 18 (emphasis added).

8

Internists now asks for reconsideration of my decision to preserve Lasko's defamation claim, contending that it did argue that the truthfulness of the alleged statements prevents Lasko from stating a viable defamation claim and that Lasko failed to allege that Internists defamed him.[50] Internists contends that if I properly credit these arguments, I will conclude that Lasko failed to state a plausible defamation claim and "enter a revised order acknowledging [Internists'] assertion of truth as a defense."[51]

Although the federal rules do not expressly authorize motions for reconsideration, requests for review of interlocutory orders are commonly entertained under Rules 54(b), 59(e), and 60(b).[52] Rule 54(b) states in pertinent part that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[53] Rule 60(b) allows a district court to give relief from an order due to "mistake, inadvertence, surprise, or excusable neglect."[54]

Under either standard, Internists' motion has merit. With this new guidance, I stand corrected that Internists' motion to dismiss—in a roundabout way—argues that Lasko "fails . . . to allege that [Internists] made a false statement about" him.[55] And it incorporated by reference the arguments Internists made in its motion to dismiss Lasko's original complaint, where it argued that

---

[50] Doc. 166 at 2.

[51] *Id.* at 7.

[52] Internists relies on Rules 54(b) and 59(e). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." *Id.* Federal courts routinely use Rule 59(e) to entertain "matters properly encompassed in a decision on the merits" when filed within 10 days of the entry of judgment. *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 267 (1988) (quotation omitted). The rule's narrow purpose is for the district court "to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). Because I ordered no separate judgment to be entered in this case, this motion for reconsideration must be construed under Rule 60(b), not 59(e).

[53] Fed. R. Civ. Proc. 54(b).

[54] *Id.* at 60(b)(1).

[55] Doc. 36 at 3.

9

Lasko's claim for defamation failed "because Rev. Lasko cannot establish, among other things, the threshold requirement that [Internists] made a false statement when it cautioned physicians and the public about the legitimacy of Rev. Lasko's organizations. . . . Truth is a defense to a claim of defamation, libel, or false light, and [Internists'] statements contain no false statements."[56] Because Internists in fact argued truth as a legal barrier to Lasko's defamation claim, I accept its invitation to reconsider my ruling in light of this discovery.

The next question is whether this truth-is-a-defense argument changes my ruling. Lasko's claim for "defamation, libel, false light" in his amended complaint alleges that:

> American Board of Surgery, Inc., [Internists, and Specialties] have maintained a campaign to vilify and denigrate and destroy Reverend Lasko and his medical organizations on their websites and numerous internet postings, medical newspapers, medical journals, stating that Reverend Lasko is "running wild", "can do nothing right", "claims to be a doctor", "bogus organizations", "illegal organizations", "phoney organizations", "fake boards", "fraudulent organizations", conducting "false organizations" and "false certifications", "preying on foreign physicians."[57]

Because these allegations are made jointly against Internists and other defendants, Internists correctly argues that Lasko failed to allege Internists itself made any of these statements.

In his amended complaint Lasko also points to "Exhibit H," which contains a number of documents that, construed liberally, purport to contain these collective allegedly defamatory statements.[58] Three of these documents pertain to Internists, but none assists Lasko in making out a defamation claim against that entity. A document entitled "Warning regarding scam 'Certification Boards'" refers to several entities Lasko allegedly controls that are characterized as, *inter alia*, "phony 'certification boards,'" but the document does not mention that Lasko participated in or controlled any of these organizations.[59] A tweet from "Armen Hareyan" entitled "[Internists] Warn[]

---

[56] Doc. 36-1 at 11–12.

[57] Doc. 19 at 22.

[58] Docs. 19 at 22, 19-2 at 48–87.

[59] Doc. 19-2 at 55. Although Lasko alleges that Internists sought to defame his "medical organizations," Lasko lacks the bar license necessary for him to pursue claims on behalf of these corporate entities.

1  Regarding Scam Certification Boards," states that several Lasko-controlled entities are offering
2  medical certifications without "accredited training, testing or medical background review," and as a
3  result are "phony."[60] But even assuming this tweet can be attributed to Internists, it never references
4  Lasko.[61]

5        The only document that mentions Lasko directly is entitled "Warning Regarding Spurious
6  and Unrecognized 'Certification' Boards."[62] There, Internists purportedly states that Lasko appears
7  to control several medical certificate-granting organizations that are "cross linked."[63] According to
8  Internists, these entities are "spurious" because they offer "a legitimate-looking certificate, but one
9  that is not recognized by any legitimate medical organization."[64] "Spurious" and "legitimate" are not
10 even remotely related to those allegations Lasko placed in his defamation claim.

11       In sum, on reconsideration I agree with Internists that it argued that Lasko failed to state a
12 viable defamation claim against it because Lasko has not pled that Internists made a false statement
13 against him; I find the argument meritorious and that I should have granted Internists' motion to
14 dismiss all claims against it, including this defamation claim. Because Lasko has failed to plead a
15 plausible claim for defamation against Internists, I grant Internists' motion for reconsideration of this
16 portion[65] of my Omnibus Order: Lasko's defamation claim against Internists is dismissed without
17 prejudice. With the policy favoring liberal amendment of pro se pleadings in mind, I find, however,
18 that Lasko should be permitted one final chance to replead a defamation claim against Internists if he
19 can allege true facts that support all elements of a defamation claim, which includes, *inter alia*,
20 specific facts that Internists made false statements against him.

---

[60] *Id*. at 63, 75.

[61] I also note that none of these documents contains the precise allegedly defamatory statements contained in Lasko's cause of action.

[62] Doc. 19-2 at 59, 65.

[63] *Id*.

[64] *Id*. at 59.

[65] I deny Internists' motion only to the degree it sought entry of a full revised order reflecting this conclusion, for which I see no practical necessity.

11

### F. Lasko's motion for leave to amend his complaint is denied without prejudice and with one final opportunity to seek leave to amend.

After disposing of the merits of Lasko's claims in my Omnibus Order, I permitted him leave to amend his complaint to cure the defects in his claims against Internists for (1) violation of the Sherman Act, (2) civil rights violations under § 1983, (3) false light, and (4) any legally sound claim related to undue influence or obstruction of justice; and against Saul Ewing, LLC, for any legally sound theory related to his undue-influence and obstruction-of-justice allegations.[66]  I cautioned Lasko that his failure to carry any of these claims forward would result in their abandonment and that he was not permitted to include any other claims for which I did not explicitly permit amendment.[67]

Lasko's proposed amendment[68] (attached to a motion for leave[69]) does not include any claims against Saul Ewing, LLC, and I therefore deem any remaining claim against Saul Ewing, LLC to be abandoned.  The proposed amended complaint improperly continues to assert claims against the American Board of Surgery, despite the fact that I dismissed all claims against this entity for improper venue and did not authorize Lasko to continue to pursue claims against this now-dismissed defendant in his proposed amendment.[70]  The proposed draft also includes the claims against Specialties that I have now dismissed by this order.  It also was drafted before I concluded on reconsideration that Lasko's defamation claim against Internists fails to state a plausible claim for relief.

Because Lasko's proposed second amended complaint[71] does not reflect the current state of the claims in this case—both because Lasko has included unauthorized claims and because I have now dismissed additional claims—I deny his request for leave to file it without prejudice.  I give

---

[66] Doc. 163 at 30–33.

[67] *Id*. at 32–33.

[68] Doc. 165-1.

[69] Doc. 165.

[70] *See* Doc. 163 at 10.

[71] Doc. 165-1.

Lasko one final opportunity to file a new motion for leave to amend that complies with Local Rule 15-1 and attaches a revised proposed second amended complaint that seeks to cure the deficiencies in the only remaining claims on which I have permitted amendment **if Lasko can plead sufficient facts to support them**: Lasko's claims against Internists for (1) violation of the Sherman Act, (2) civil rights violations under § 1983, (3) false light, (4) defamation, and (5) any legally sound claim related to undue influence or obstruction of justice.  **The proposed amended complaint shall not contain any claims against any defendant other than the American Board of Internal Medicine, and it shall not contain any claims except those enumerated in this paragraph.**  All of Lasko's other claims, and all other defendants, have now been dismissed without leave to amend.[72]

In my original order permitting leave to amend, I gave explicit instructions on amendment[73]; Lasko is cautioned to review and follow those instructions when preparing his revised motion for leave and proposed amended complaint.  I add here a few additional words of caution.

Lasko must carefully remove from his new drafts any allegations against other defendants and any other claims not authorized by the court.  Lasko must be careful to follow the instructions in my Omnibus Order, something his previously proposed amended complaint failed to do.[74]  For example, Lasko's proposed claim nine combines causes of action for libel, defamation, false light, a violation of a federal statute, and First Amendment violations, despite my explicit instruction that "each claim should be in a separate cause of action."[75]  My order also cautioned Lasko that "long and narrative-style pleadings like the ones [he] has already filed failed to provide defendants with fair

---

[72] Lasko was also permitted leave to amend his complaint to bring a cause of action against defendant Saul Ewing LLP, Lasko failed to include this defendant in any of the counts of his amended complaint, failed to mention Saul Ewing among his "specified" parties, and only mentioned Saul Ewing in his lengthy general factual statement. Doc. 165-1 at 4–7. As Lasko failed to carry this claim forward, I consider it abandoned. Although his amended complaint also at least attempts to bring allegations against the American Board of Surgery, this defendant was dismissed from the case without leave to amend. Doc. 163 at 9–10.

[73] *Id*. at 30–33.

[74] *See id.*

[75] *Id*. at 31.

notice of the claims against them."[76] Yet, his proposed amended complaint is rife with non-punctuated ALLCAPS sections throughout its 55 pages. Lasko is strongly advised to look carefully at his draft to determine whether it complies with my Omnibus Order and this one, and to make any appropriate adjustments. Now that I have effectively permitted Lasko leave to amend his complaint twice, I am not likely to give him leave to do so again if his pleading does not comply with my specific instructions or the rules of this court, or if it fails to state a claim for which relief can be granted.

**G.  Internists' motion to dismiss [Doc. 168] is denied.**

After Lasko filed his motion for leave to file the proposed second amended complaint,[77] Internists filed a motion to dismiss his second amended complaint.[78] This approach is curious because leave has not yet been granted, so Internists' response probably should have been styled as an opposition to Lasko's motion for leave. Nevertheless, because I have given Lasko one final opportunity to move again to amend his claims, I deny the motion and reject Internists' arguments without prejudice to their reassertion should Lasko file a new motion to amend by April 16, 2015.

**Conclusion**

Accordingly, it is HEREBY ORDERED that

- **All claims against the American Board fo Medical Specialties are DISMISSED** for Lasko's failure to comply with my September 19, 2014, order (Doc. 163) and pursuant to Fed. R. Civ. Proc. 4(m) and 41(b);

- Specialties' Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 4(m) **[Doc. 172]**, Motion for Leave to Re-Serve Plaintiff with Its Motion to Dismiss **[Doc. 195]**, and Motion to Strike Lasko's Surreply **[Doc. 210] are DENIED** as moot;

- Lasko's Motion for Sanctions **[Doc. 197]**, Lasko's Motion for Attorney's Fees **[Doc. 200]**, and Lasko's motion notifying the court that Specialties has committed perjury

---

[76] *Id*.

[77] Doc. 165.

[78] Doc. 168.

and fraud on the court **[Doc. 208] are DENIED**;

- Internists' Motion for Reconsideration **[Doc. 166] is GRANTED IN PART**. My September 19, 2014, Order **[Doc. 163] is VACATED** as to its conclusion that Lasko pled a plausible defamation claim against Internists. On reconsideration, Internists' motion to dismiss Lasko's defamation claim **[Doc. 36] is GRANTED**, and Lasko's defamation claim against American Board of Internal Medicine is **DISMISSED** with leave to amend;

- Lasko's Motion for Leave to Amend Complaint **[Doc. 165] is DENIED. Lasko has until April 16, 2015, to file a new motion for leave to file a proposed second amended complaint** to state any or all of the five claims enumerated on lines 7-9 of page 13 of this order he believes he can state **against Internists only**, as all other defendants have now been dismissed from this case. Lasko is further cautioned that his failure to file a motion for leave to amend with an attached, proper proposed second amended complaint by April 16, 2015, will result in the dismissal of all claims against Internists with prejudice and without prior notice. And because the dismissal of all claims against Internists will terminate all remaining claims in this case, this case would then be closed; and

- Internists' Motion to Dismiss **[Doc. 168] is DENIED** without prejudice.

DATED: March 19, 2015

_____
Jennifer A. Dorsey
United States District Judge