**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Keith Alan Lasko, <br><br> Plaintiff <br><br> v. <br><br> American Board of Internal Medicine, <br><br> Defendant | Case No.: 2:13-cv-1893-JAD-NJK <br><br> **Order** <br> **[# 220]** |

    Claiming good faith compliance, pro se plaintiff "the Reverend Doctor Keith Alan Lasko, M.D., Doctor of Divinity (Hon.), Minister of the First Church of the Epiphany and Minister of the Worldwide Ministries of Jesus Christ" seeks reconsideration of my prior order dismissing American Board of Medical Specialties ("Specialties") from the case for Lasko's failure to timely serve Specialties. Docs. 216, 220. Lasko claims he complied with his service obligation by emailing a copy of the complaint. But this service was defective and, in any event, he waited more than five months to explain his shortcomings to the court. Thus, I deny his motion for reconsideration.[1]

**Background**

    Lasko filed this case on October 16, 2013. Doc. 5. On November 27, 2013, U.S. Magistrate Judge Nancy Koppe quashed Lasko's first attempted service on Specialties. Doc. 42. After a detailed discussion of the service requirements under the Federal Rules of Civil Procedure, Magistrate Judge Koppe concluded that he "mailed a copy of the Complaint to [Specialties] and took no further action." This was an improper method of service. Doc. 42 at 3. Almost ten months later, on September 19, 2014, I noted that Lasko had failed to serve Specialties after Magistrate Judge Koppe's order but, "in the interest of justice," I gave him "until October 3, 2014, to properly serve Specialties or file a motion for an extension of the service deadline" demonstrating that he had good

---

[1] Although Lasko's motion is not fully briefed, in the interests of judicial economy I reach it now, and find the motion suitable for disposition without oral argument. Nev. LR 78-2.

cause to serve Specialties after October 3, 2014. Doc. 163 at 30. I explicitly cautioned Lasko that "if he does neither, all claims against [Specialties] will be dismissed." *Id.*

On October 3, 2014, Lasko filed a proposed amended complaint, which set off a flurry of motions. Docs. 165, 166, 168, 172, 195, 197, 199, 200, 208, 210, 214. On March 19, 2015, I entered an omnibus order disposing of ten pending motions. I concluded that, despite the voluminous filings, there was still no evidence that Lasko served Specialties by the October 3, 2014, deadline or explained why he had failed to do so. Doc. 216 at 3-6. I therefore dismissed Lasko's claims against Specialties, as forewarned. *Id.* at 6.

On March 25, 2015, Lasko moved for reconsideration of that dismissal. Docs. 216, 220. Lasko claims he has "new evidence" that he complied with my prior service instructions: he filed the Second Amended Complaint with the court "at the deadline of October 3, 2014," and brought the complaint to a legal process server on that date to e-mail to Specialties. Doc. 220 at 2. After email service failed, Lasko claims the process server "had to arrange for manual service in Chicago, Illinois." *Id.* That manual service was not completed until October 8, 2014. Doc. 220 at 16. Characterizing proper service as a "technicality," Lasko claims that this apparent failure of electronic transmission was an "extenuating circumstance" that was "not . . . [his] fault." *Id.*

**Discussion**

Although the federal rules do not expressly authorize motions for reconsideration, requests for review of interlocutory orders are commonly entertained under Rules 54(b), 59(e), and 60(b).[2] Rule 54(b) states in pertinent part that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties'

---

[2] Specialties relies on Rules 54(b) and 59(e). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." *Id.* Federal courts routinely use Rule 59(e) to entertain "matters properly encompassed in a decision on the merits" when filed within the time period specified under Rule 59(e). *See Buchanan v. Stanships, Inc.*, 485 U.S. 265, 267 (1988) (quotation omitted). The rule's narrow purpose is for the district court "to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). Because I ordered no separate judgment to be entered in this case, this motion for reconsideration must be construed under Rule 60(b), not 59(e).

2

rights and liabilities."[3]  Rule 60(b) allows a district court to give relief from an order due to "mistake, inadvertence, surprise, or excusable neglect."[4]

Under either standard Lasko's motion for reconsideration fails because his claim he was faultless in his service attempt is premised on a fundamental misunderstanding of the service rules. Service of process is not a "technicality"; it is "the means by which a court asserts jurisdiction over the person."[5]  Where personal service is required, failure to perfect it is fatal to a lawsuit.[6]  Rule 4(h) governs service upon corporations and provides that service may be made "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Under Rule 4(e), service may be made by, *inter alia*, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[7]

Nevada's law does not permit service of process on out-of-state defendants electronically.[8]  Nor does Illinois, where Specialties is purportedly located, permit service by email.[9]  Finally, neither Rule 4(e) nor Rule 4(h) permits service by email for corporations located within a judicial district of the United States.  This discussion is primarily academic anyway because Lasko never succeeded in emailing process to Specialties by the October 3, 2014, deadline.  I did not give Lasko until October 3, 2014 to merely *attempt* to serve Specialties; I ordered him to *properly* serve Specialties by that date or show good cause why he could not.  *See* Doc. 163 at 30.  He plainly failed to do either. Lasko appears to feign ignorance of the rules based on his pro se status.  *See* Doc. 220 at 3.  But civil

---

[3] Fed. R. Civ. Proc. 54(b).

[4] *Id.* at 60(b)(1).

[5] *Securities and Exchange Commission v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation omitted).

[6] *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987).

[7] Fed. R. Civ. Proc. 4(e)(1).  The additional service methods listed in Section (e)(2) are not applicable here.

[8] *See, e.g.*, *Mayweather v. Wine Bistro, LLC*, 2013 WL 5537312, at *3 (D. Nev. Oct. 4, 2013); *United States v. Seventy–One Firearms*, 2006 WL 1983240, at *2 (D. Nev. July 13, 2006) (interpreting Nev. R. Civ. Proc. 4(d)(6)).

[9] *See, e.g.*, 735 ILCS 5/2-204 (West 2012).

litigants are not immune from the rules of procedure—or the consequences of failing to comply—simply because they choose to represent themselves.[10]

Finally, in my March 19, 2015, order, I gave Lasko until April 16, 2015, to amend his complaint. Doc. 216 at 15. By this order, and to avoid any possibility that Lasko thought that deadline was somehow tolled by the pendency of this motion for reconsideration, I now extend that deadline to April 23, 2015. I caution Lasko that I am unlikely d to grant him another extension of this deadline.

**Conclusion**

Accordingly, it is HEREBY ORDERED that Lasko's Motion for Reconsideration **[Doc. 220] is DENIED**. Lasko's deadline for filing an amended complaint as permitted by my March 19, 2015, order is extended to April 23, 2015.

DATED: April 8, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[10] *See, e.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("Pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

4