1

2

3

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

4

5

6

7

8

| | |
|---|---|
| Keith Alan Lasko, | Case No.: 2:13-cv-1893-JAD-NJK |
| Plaintiff, | |
| vs. | **Order Denying Defendant Lasko Leave to Amend [ECF 224] and Denying All Other Pending Motions [235, 236, 237, 243] as Moot** |
| American Board of Surgery, *et al.* | |
| Defendants. | |

9

10    I previously granted pro se plaintiff Keith Alan Lasko "one final opportunity" to cure the

11    deficiencies in his claims against the American Board of Internal Medicine ("the Board"), the only

12    defendant left of the many Lasko originally sued in this lawsuit.[1]   I directed him to file a new motion

13    for leave to amend that complies with Local Rule 15-1 by attaching a revised proposed second

14    amended complaint.  I also instructed him that the proposed pleading must contain only those claims

15    on which I have permitted amendment: (1) violation of the Sherman Act, (2) civil rights violations

16    under § 1983, (3) false light, (4) defamation, and (5) any legally sound claim related to undue

17    influence or obstruction of justice.[2]  I cautioned Lasko that his failure to file proper claims would

18    leave him with none and result in the dismissal of this case with prejudice.[3]

19    Lasko then filed a 129-page proposed amended complaint (with 150 additional pages of

20    exhibits) asserting what appear to be over 80 claims against the Board.[4]  In none does he cure the

21    deficiencies in his previous complaints.  I therefore deny Lasko's proposed amendment as futile and

22    dismiss this case with prejudice. I also deny as moot all of Lasko's other pending motions.

23

24    _____

25    [1] ECF 216.

26    [2] *Id*. at 13.

27    [3] *Id*. at 15.

28    [4] ECF 224.

**Discussion**

"Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal."[5]  A proposed amendment is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[6]  "Thus, evaluating whether a proposed amendment is futile is guided by the same standard as a Rule 12(b)(6) motion to dismiss."[7]  On a motion to dismiss, "we take the complaint's allegations of fact as true and construe the complaint in the light most favorable to the plaintiff."[8]  A claim should be dismissed if the plaintiff fails to proffer "enough facts to state a claim of relief that is plausible on its face."[9]

**I.      Lasko's attempt to amend his claims for false light, libel, or defamation is futile.**

When dismissing Lasko's original claims for false light, libel, and defamation, I instructed him that he had just one more chance to identify false statements the Board made against him.[10]  He has failed to do that.  He continues to insist that the Board maliciously destroyed his organizations by publishing false statements about their legitimacy—or rather lack of legitimacy.  Yet numerous courts and governing bodies have found that Lasko's organizations—a collection of official-sounding entities through which he sold medical certifications without requiring training or testing—were indeed illegitimate.  The Illinois Attorney General, for example, obtained an injunction in 2004 permanently enjoining Lasko from advertising or selling certifications to

[5] *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir.1998) (internal citations omitted).

[6] *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988).

[7] *Redwood Christian Schs. v. County of Alameda,* No. C-01-4282 SC, 2007 U.S. Dist. LEXIS 8491, at *5 (N.D.Cal. Jan. 19, 2007) (citing *Miller,* 845 F.2d at 214).

[8] *Shanks v. Dressel,* 540 F.3d 1082, 1084 n. 1 (9th Cir.2008).

[9] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

[10] ECF 216 at 13.

1  physicians and from representing that his entities were affiliated with medical organizations.[11]  This

2  was after the California medical licensing board revoked Lasko's license for excessive diagnostic

3  procedures, negligence and incompetence, dishonesty, and false billing[12]; the New York medical

4  licensing board revoked Lasko's license[13]; Lasko surrendered his Mississippi medical license[14]; and

5  the DEA revoked the registration Lasko had to dispense controlled substances.[15]  Then, in January

6  2011, a second permanent injunction was issued against Lasko, this time by a federal district court in

7  Pennsylvania.[16]

8        Between these two injunctions—the one from the Illinois court in 2004 and the one from the

9  Pennsylvania court in 2011—the Board, responding to letters from physicians who received

10  solicitations from Lasko's organizations, posted a general message on its website:

11            <u>Warning Regarding Spurious and Unrecognized Certification Boards</u>

12            [The Board] receives continual inquiries concerning mail solicitations
             to apply for Certification from "American Board of Diabetes,"
13            "American Board of Geriatrics," and "American Academy of
             Cardiology."  Theses organizations are spurious Certification boards.
14            For a fee they provide a legitimate-looking certificate, but one that is
             not recognized by any legitimate medical organization.  The named
15            organizations appeared to be operated by Keith Lasko, an MD whose
             California license to practice has been revoked and who has lost
16            licensure in all other states in which he was licensed.  The websites for
             Lasko's organizations are cross linked.  They attempt to achieve
17            legitimacy by listing the names of numerous legitimate organizations
             without the permission of those organizations. [The Board]
18            recommends that its diplomats (and all physicians) investigate the

19

20
   _____

21  [11] *State v. Lasko*, No 03-CH-09879 (Ill. Chi. Div. Apr. 16, 2004). Without converting this motion to
    dismiss into a motion for summary judgment, I may consider matters of "public record." *Mack v. S.*
22  *Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

23  [12] *In re. K.A. Lasko, Med. Bd. Of Cal.*, No. D-4572 (Dec. 23, 1991).

24  [13] *In re. K.A. Lasko, N.Y. Bd. for Prof. Med. Conduct*, No. BPMC-94-203 (Sept 26, 1994).

25  [14] *Keith A. Lasko, M.D., revocation of Registration*, 62 Fed. Reg. 5,850 (Feb 7, 1997) (noting
26  Lasko's surrender of Mississippi license in 1992).

27  [15] *Id*.

28  [16] *Am. Bd. of Surgery, Inc., v. Lasko, et al.* No. 10-1857 (E.D. Pa. Jan 6, 2011); *see* ECF 225-6.

legitimacy of any organization offering Certification.[17]

Lasko's claims for false light, libel, and defamation hinge on him being able to show that this posting and others like it by the Board contained false statements.[18]  But given what multiple courts have already held regarding Lasko and his organizations, he will not be able to do that.  I therefore deny his request to amend these claims as futile.  Whether pled as false light, defamation, or libel claims, truth is a complete defense to all of them.[19]

**II.     Lasko lacks standing to bring his claims for antitrust violations.**

"The antitrust laws are intended to preserve competition for the benefit of consumers in the market in which competition occurs."[20]  "A plaintiff who is neither a competitor nor a consumer in a relevant market does not suffer antitrust injury" and therefore lacks standing to bring an antitrust claim.[21]  Each of Lasko's antitrust claims faces an insurmountable obstacle: he cannot show that he has suffered injury as either a competitor or a consumer in the market of medical certifications, which means he cannot show that he has standing to bring these claims.

Lasko's first antitrust claim, for example, alleges that the Board violated section 1 of the Sherman Act by "restraining trade in interstate commerce by division of the medical certifying market with American Board of Surgery to monopolize the MD specialist certification market and squeeze out competitors, destroying medical organizations in competition with [the Board]."[22]  Lasko's second antitrust claim alleges that the Board excluded competition from his organizations through unlawful tying arrangements, which are arrangements where the seller conditions the sale of

[17] ECF 224-2 at 16–17.

[18] *Flowers v. Carville*, 310 F.3d 1118, 1132 (9th Cir. 2002) ("False light, like defamation, requires at least an implicit false statement of objective fact."); *Ferm v. McCarty,* No.2:12-cv-00782, 2013 WL 800536, at *7 (D. Nev. Jan. 28, 2013) (explaining that libel is "written defamation")*.*

[19] *Flowers*, 310 F.3d 1118 at 1132; *Pegasus*, 57 P3d at 88; *Bray v. Ventura County Bar Ass'n*, 55 F.App'x 459, 460 (9th Cir. 2003).

[20] *Vinci v. Waste Management, Inc.*, 80 F.3d 1372, 1376 (9th Cir. 1996).

[21] *Id.*

[22] ECF 224 at ¶ 110.

one product on the buyer's agreement to purchase a separate product.[23]  And Lasko's third antitrust claim alleges that the Board "attained overwhelming monopoly power in the market certification and certification of MD non surgical medical devices" through "campaigns of false light, libel, and defamation to destroy all of [Lasko's] medical entities."[24]  Yet nowhere does he plead facts to show he is either a competitor or a consumer in the market of medical certifications.  In fact, at several points in his amended complaint, he explicitly denies that his organizations offer certifications.  He describes one of them, the "American Academy of Oncology," as "only a membership organization. It never certified anyone.  It is no more a certifying board than the Girl Scouts or the Knights of Columbus."[25]  He describes another, the "American Board of Diabetes," the exact same way.[26]

Even without these and other overt disavowals,[27] Lasko's attempt to show that he and his entities competed with the Board in the market of medical certifications is futile.  The Board offers its certifications to physicians who have completed rigorous educational, training, and professional requirements.  Lasko's organizations demand no such requirements.  Instead, they are, in his words, "religious medical corporations"[28] that were created for the "express purpose of bringing Christian Humanitarian Values to the medical profession."[29]  That is a different mission than the Board's and also a different market.  I therefore deny Lasko's request to amend his antitrust claims as futile.

**III.  Lasko's attempt to amend his claim for civil rights violations is futile.**

I previously instructed Lasko that, to bring a claim against the Board for civil rights

---

[23] *Id*. at ¶ 111.

[24] *Id*. at ¶ 114.

[25] ECF 224 at ¶ 40.

[26] *Id*. at ¶ 41.

[27] *See, e.g., id*. at ¶ 15 ([ The Board] calls many of Plaintiff entities 'certifying boards' even though they never certified anyone, are membership and fellowship entities.")

[28] ECF 224 at ¶ 4.

[29] *Id*.

violations, he must allege "specific facts that [the Board] was acting under the color of state law."[30] He continues to fail to do that.

Each of Lasko's civil rights claims relies on the theory that the Board convinced the Connecticut Attorney General to participate in a campaign to defame Lasko's organizations. But there are several cases in which courts have found that the Board is not a state actor for the purposes of a civil rights claim.[31] Lasko does not address these. Nor does he allege facts to show that the "state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity."[32] He simply relies on vague and unsubstantiated conclusory allegations that there was a conspiracy between the Board and the Attorney General. But to succeed on that theory, he must establish "an agreement or meeting of the minds to violate constitutional rights."[33] Because Lasko has not alleged specific facts to show that an agreement or meeting of the minds occurred, and also because he appears to have no way to overcome how the Board is not, based on the facts alleged here, a state actor, I deny his request to amend.

## IV.   Lasko's attempt to amend his federal or Nevada RICO claims is futile.

Lasko's attempt to state a RICO claim also centers on his allegation that the Board and the Connecticut Attorney General were in cahoots. But under both federal law[34] and Nevada law,[35] a

---

[30] ECF 163 at 21.

[31] *See, e.g. Goussis v. Kimball*, 813 F. Supp. 352, 357) (noting that the Board is a "private, nonprofit charitable corporation with no ties to any governmental entity" and holding that, under no established test for state action, "can it be said that [the Board] is a state actor"); *Munsif v. Cassel*, 331 F. App'x 954, 959 (3d Cir. 2009).

[32] *Kirtly v. Rainy*, 326 F.3d 1088, 1093 (9th Cir. 2003).

[33] *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010).

[34] "The elements of a civil RICO claims are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). *See also United Energy Owners Comm., Inc. v. United States Energy Mgmt. Sys., Inc.*, 837 F.2d 356, 361 (9th Cir. 1988) ("[T]o dismiss a RICO claim, a district court must determine that the plaintiffs have failed to allege two or more RICO predicate acts, occurring over a significant period

necessary component of any RICO claim is the existence of at least two statutorily defined predicate acts.  Lasko does not allege facts to support that component here.  Nor will he be able to in the future without facts to show the Board engaged in any campaign of false light, defamation, or libel.  None of the money he alleges the Board paid the Attorney General and other public officials to join the campaign[36] can be reasonably considered a racketeering activity if there was not actually a campaign to defame Lasko.  I therefore deny his request to amend his RICO claims as futile.

**V.      Lasko cannot state a claim for tortious interference**.

Lasko states his final claim this way: "[The Board's] continuing violation of Nevada statute of interference with prospective business relations by [the Board] of false light, per se libel, and defamation per se has damaged plaintiff and plaintiff entities by interfering with and preventing prospective business relations."[37]  This tortious-interference claim falls outside the scope of the claims I permitted Lasko to plead in his.[38]  But even if it did not, it would still fail because it depends on an alleged defamation campaign that I have already found to be unfounded.  I therefore deny Lasko's attempt to include this claim in his proposed complaint.

**VI**.      **Lasko's remaining motions are denied as moot**.

Lasko has several other pending motions.  One argues for a mistrial.[39]  Another argues for a

---

of time, evidencing a threat of continuing activity.").

[35] "'Racketeering activity' means engaging in at least two crimes related to racketeering that have the same or similar pattern, intents, results, accomplices, victims or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents, if at least one of the incidents occurred after July 1, 1983, and the last of the incidents occurred within 5 years after a prior commission of a crime related to racketeering."  Nev. Rev. Stat. § 207.390.

[36] *See, eg*. ECF 224-1 at ¶¶ 105–108.

[37] *Id*. at ¶149.

[38] *See* ECF 216 at 13 (identifying the claims Lasko can amend and stressing, in bold, that any proposed complaint "**shall not contain any claims except those enumerated in this paragraph**").

[39] ECF 236.

new trial.[40]  Still others request various rulings and clarifications from the court.[41]  Because I have now, with this order, dismissed all of Lasko's remaining claims and determined that he will no longer be given leave to amend, all of those pending motions are denied as moot, and the Clerk of Court is directed to close this case.

## Conclusion

Accordingly, with good cause appearing and no reason for dealy, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Richard Lasko's Motion to Amend [**ECF 224**] is **DENIED with prejudice.**  It is further ordered that:

- Lasko's Motion for Sanctions Against American Board of Surgery [**ECF 234**] is **DENIED** as moot;
- Lasko's Motion for Ruling [**ECF 235**] is **DENIED** as moot;
- Lasko's Motion for Mistrial [**ECF 236**] is **DENIED** as moot;
- Lasko's Motion for New Trial [**ECF 237**] is **DENIED** as moot; and
- Lasko's Motion for Clarification [**ECF 243**] is **DENIED** as moot.

All claims against the American Board of Internal Medicine are dismissed.  **The Clerk of Court is directed to enter final judgment accordingly and close this case**.

DATED December 11, 2015.

Jennifer A. Dorsey
United States District Judge

---

[40] ECF 237.

[41] *See, e.g*., ECF 235, 243.