UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Keith Alan Lasko,

    Plaintiff

    v.

American Board of Internal Medicine et al.,

    Defendants

Case No.: 2:13-cv-1893-JAD-NJK

**Order**

**[ECF 246, 247, 250]**

Pro se plaintiff "the Reverend Doctor Keith Alan Lasko, M.D., Doctor of Divinity (Hon.), Minister of the First Church of the Epiphany and Minister of the Worldwide Ministries of Jesus Christ" brought this action against the American Board of Surgery, Inc., the American Board of Medical Specialties, the American Board of Internal Medicine, and a handful of individual defendants, alleging a variety of federal and state causes of action.[1] In a series of orders, all claims were ultimately dismissed. The claims against the Board of Surgery and the individual defendants were dismissed in September 2014, as were most of Lasko's claims against the Internal Medicine Board[2]; those against the Board of Medical Specialties were dismissed in March 2015.[3] The last of these dismissal orders, which I entered on December 11, 2015, terminated Lasko's remaining claims against Internal and directed the Clerk of Court to enter final judgment.[4]

But Lasko continues to file motions in this now-closed case. Shortly after I directed the entry of final judgment, Lasko filed a Motion for Immediate Injunction and Damages for Racial and

---

[1] ECF 19. The background proceedings in this case are detailed in ECF 58, 107, 115, 116, 163, which are incorporated here by reference and not repeated here.

[2] ECF 163.

[3] ECF 216.

[4] ECF 244.

1

Religious Violations by Defendants including Anti Moslem Acts.[5] He followed that with a Petition to the Court to Void Order Dismissing American Board of Medical Specialties Inc. as a Defendant, which purports to challenge the "sudden" dismissal of his claims against Specialties nine months ago.[6] And he filed a Motion for Appeal to Ninth Circuit with All Defendants Named as Having Been All Dismissed From Case Thereby Removing the Jurisdictional Objection to this Appeal Based on All Defendants Not Having Been Dismissed until December 11, 2015.[7] I consider each motion in turn.

## Discussion

### A.   Petition to void dismissal order

Lasko's December 14, 2015, "petition" seeks to void my March 19, 2015, order dismissing claims against the Medical Specialties Board.[8] Lasko argues that the ruling violated various constitutional rights and is thus void.[9] Because that dismissal order did not resolve all claims, it was an interlocutory—not final—one, and Lasko's characterization of it as a final "judgment" he can challenge at any time under Rule 60 of the Federal Rules of Civil Procedure is mistaken. Lasko's "petition" is best characterized as a belated, second request for me to reconsider a nine-month-old interlocutory order, as I denied his first motion to reconsider it last April.[10]

The Federal Rules of Civil Procedure do not envision motions to reconsider interlocutory orders. But a trial court has an inherent procedural power to reconsider an order it deems inadequate.[11] Courts in this district apply the standard for a motion to alter or amend judgment under

---

[5] ECF 246.

[6] ECF 247.

[7] ECF 250.

[8] ECF 247.

[9] *Id*. at 2.

[10] *See* ECF 220 (motion for reconsideration); ECF 223 (order denying it).

[11] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

Rule 59(e) when evaluating motions to reconsider an interlocutory order.[12] Therefore, reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law.[13] Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[14] A motion to reconsider "should not be granted, absent highly unusual circumstances."[15]

Lasko's most recent reconsideration request is no more compelling than his first. He has not carried his burden to show that newly discovered evidence, clear error, manifest injustice, or an intervening change in controlling law warrants reconsideration. Accordingly, my decision to dismiss his claims against the American Board of Medical Specialties in March 2015—rendered final by my December 11, 2015, order—will stand. Lasko's petition to void that order [ECF 247] is denied. Lasko must seek any further relief from this order from the Ninth Circuit Court of Appeals.

**B.     Motion for injunction**

In order to obtain injunctive relief, a plaintiff must demonstrate that he is likely to succeed on the merits of a pending claim.[16] The dismissal of all claims in this case and the entry of final judgment against Lasko has left him incapable of demonstrating that he is likely to succeed on the merits of a viable claim and, thus, unable to obtain injunctive relief. Accordingly, Lasko's Motion for Immediate Injunction and Damages for Racial and Religious Violations by Defendants [ECF 246] is denied.

**C.     Motion for appeal to the Ninth Circuit**

Finally, Lasko "petitions for his right to Appeal the District Court decision to the Ninth

---

[12] *See, e.g., Helfrich v. Neven*, 2015 WL 3875820, at *2 (D. Nev. June 22, 2015).

[13] *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

[14] *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[15] *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001).

[16] *Shelton v. Nat'l Collegiate Athletic Assoc.*, 539 F.2d 1197, 1199 (9th Cir. 1976) ("Injunctive relief is an extraordinary remedy and it will not be granted absent a showing of probable success on the merits and the possibility of irreparable injury should it not be granted.").

3

Circuit Appeals Court."[17]  The district court's permission is not necessary for Lasko to pursue an appeal.  Lasko's misunderstanding of the appellate process likely comes from the fact that his appeal from my March 2015 order dismissing claims against the American Board of Medical Specialties was dismissed because that order was not final or appealable;[18] it was an interlocutory order that disposed of some but not all of the claims in this case.[19]

But my December 11, 2015, order is a final one.  It recites that "I have now, with [that] order, dismissed all of Lasko's remaining claims," and it directed the Clerk of Court to enter final judgment and close this case.[20]  That order was final and appealable, and it rendered all of the other orders in this case similarly ripe for appeal.[21]  Lasko does not need permission to now appeal; he just needs to file a Notice of Appeal that complies with Rules 3 and 4 of the Federal Rules of Civil Procedure. **Lasko has until January 11, 2016, to file that Notice of Appeal.**[22]  **Lasko is cautioned that he should list all judgments, orders, or parts of judgments or orders that he intends to appeal from.**[23]  Because Lasko no longer needs permission to file his notice of appeal from any orders entered in this case, his motion for permission to appeal [ECF 250] is denied.

## Conclusion

Accordingly, it is HEREBY ORDERED that

- Lasko's Petition to Void the March 2015 dismissal order **[ECF 247] is DENIED**.
- Lasko's Motion for Immediate Injunction and Damages for Racial and Religious Violations by Defendants **[ECF 246] is DENIED.**

---

[17] ECF 250.

[18] ECF 240.

[19] ECF 216, 240.

[20] ECF 244 at 8.

[21] *See, e.g., Baldwin v. Redwood City*, 540 F.2d 1360, 1364 (9th Cir. 1976) ("the interlocutory order merges in the final judgment and may be challenged in an appeal from that judgment.").

[22] Fed. R. App. P. 4(a)(1)(A) (30-day deadline).

[23] *See* Fed. R. App. P. 3(c).

    C    and Lasko's motion for permission to appeal **[ECF 250] is DENIED**. To timely appeal, **Lasko must file a notice of appeal in compliance with FRAP 3 and 4 by January 11, 2016.**

DATED: December 30, 2015

                                                    _____
                                                    Jennifer A. Dorsey
                                                    United States District Judge